[Filed May 3, 1889.]

## WHITNEY,·APPELLANT, *v.* BLACKBURN, RESPONDENT.

ELECTION CONTEST — LAWS FOR — SUMMARY. — The intention of the contested election laws is to furnish a summary remedy·and to secure a speedy trial, that the title to the office in dispute may be determined before the official term expires in whole or in large part, and that the will of the people may not be defeated in the choice of their officers.

ID. — FOUNDATION OF SUIT — WHAT IS. — In proceedings of·this ·kind, ·the notice of contest is the foundation of the· suit, and· performs the double office of a summons and complaint, and should contain the title of the cause, specifying the name of the court and the parties to the contest; and must be served·and·filed·within thirty days.

·PROCESS, WHAT IS — SERVICE ON LEGAL HOLIDAY, EFFECT OF. — Service of process upon a legal holiday is irregular, and may be pleaded in abatement, or set aside on motion, but a notice of contest,·like a summons, is not technically ·"process," but is more in· the nature of ·a mere·notice ·informing the defendant that an action has been commenced against him, and that he is·required to answer it within a specified time.

ELECTION CONTEST — STATEMENT OF — CAUSE·OF. — "Stating·the cause of such· contest briefly," is stating briefly·the facts or combination of ·facts which ·give rise to· the right of contest,· and this ·necessarily implies· that ·such fact shall be stated sufficiently plain as to advise the defendant of ·the·"cause" for which his·election is·contested.

ID. — NOTICE OF — ITS PURPOSE. — As the object of the notice is to inform the other party of the substance of the facts relied upon to defeat his claim, certainty is required, but not technical precision of averment, and when the words used therein, taken in their ordinary sense, fairly serve this purpose, it is sufficient.

STATUTE LAW — HOW CONSTRUED. — While it is the duty of courts to disregard mere technical rules or defects, and to liberally construe the statute concerning contested elections that the rights of the people may be preserved, and that no protection may be afforded to fraud, yet he who undertakes to contest the right of another to an office to which such other has been declared elected, by a tribunal authorized by the people, ought to have some well-defined "cause," and to be able to state it with sufficient certainty so to notify and inform the other party of the substance of the facts upon which he relies to defeat his title, and to authorize the court to make the inquiry.

APPEAL from Linn County.

*J. J. Whitney,* by himself.

*D. R. N. Blackburn,* by himself.

LORD, J. — This was a proceeding begun under title 4, chapter 14, sections 2544–2548, Oregon Code, to contest the right of the defendant to the office of county judge of Linn County, to which he was declared elected by the board of canvassers.

The election was held on the fourth day of June, 1888, and the notice was served on the fourth day of July, 1888, by the sheriff of that county, but the notice of such contest was not filed in court until the twenty-third day of August, 1888, and the next regular term of the court beginning on the twenty-second day of October, 1888, was the time named in the notice for hearing such contest. On the first day of such term, the defendant filed a motion to dismiss the same for the following reasons: 1. The court has not obtained jurisdiction of said contest, or of the person of respondent; 2. Said notice is not entitled in any court; 3. It is not entitled in any proceeding, nor are there any parties thereto; 4. It has not been served

on respondent in the manner and within the time prescribed by law; 5. No notice of contest has been legally served on respondents; 6. Said pretended service is illegal; 7. Said pretended notice and the pretended service thereof were not filed in this court within the time prescribed by law; 8. No complaint or other paper has been filed which respondent could be called upon to answer. The court sustained the motion, and dismissed the notice of contest.

It appears that no leave was asked to amend or to serve an amended notice, presumably for the reason that the plaintiff considered the ruling of the court as error, which he would be able to establish on appeal.

Our statute provides as follows: "Any person wishing to contest an election of any person to any county, district, township, or precinct office, may give notice in writing to the person whose election he intends to contest that his election will be contested, stating the cause of such contest briefly, within thirty days from the time said person shall claim to have been elected." (Oregon Code, sec. 2544.)

It will be noted that the provision is silent as to the time when the notice of contest shall be filed.

The defendant contends that the notice must not only be served, but must also be filed within thirty days. It was not filed until the twenty-third day of August, nearly fifty days thereafter.

By reference to the cases decided in this court, the practice has been to file the notice within thirty days, and such undoubtedly has been the construction given to the statute by the profession.

In Minnesota there was a like statute, and from which it is supposed our statute was taken, although it may have been from some other state, and the only construction which the courts of that state has ever given to the

provision (sec. 2544) just cited, which has been brought to our observation, is found in *Waller* v. *Bancroft*, 4 Minn. 110, wherein Flandrau, J., said: "This proceeding is instituted by the service of a notice by the party desiring to contest, upon the party in possession, within thirty days after the election.".

No mention is made when the notice must be filed, yet certainly it must be done within such time as will afford a speedy trial, and carry into effect the will of the people. The "proceeding is instituted," that is, begun by service of notice of contest, but it is not pending in court until filed.

In a proceeding of this kind, the notice serves the double purpose of a summons and complaint. A petition or complaint as soon as filed is pending (*Clendenin* v. *Allen*, 4 N. H. 387), and the word "pending" implies that the cause is in court. (*Thomas* v. *Hopkins*, 2 Browne, 146.) Until filed there was no contest pending in the court, but there was notice that the plaintiff intended to bring the defendant before the court at a time stated therein, for the trial of the allegations contained in the notice of contest. That the notice must be filed before that time as specified is not disputed, but the contention is, that the true construction of the provision, alike supported by analogy and the manifest object of the law, requires that the notice must be filed within thirty days.

At common law the original writ contained a general description of the declaration, and by practice in some of the states the declaration was fully set forth in the writ which issued out of the court, properly attested, and was returnable to it. It was a mandatory precept, issued by the authority of and in the name of the sovereign or state, for the purpose of compelling the appearance of the defendant before the court to which it was returnable, that he may there make an answer to the plaintiff's complaint. (Gould's Pleading, 14.)

In some respects the notice of contest is like such writ, for it specifies or sets forth the causes of action, and serves the purpose of a summons to give notice of the intended contest, but it is not an official paper like the writ, issued out of the court or attested by any of its officers, and it does not seem to me to be entitled to have the character of an official paper, or to be considered as a cause of action pending in court until such notice is filed.

In many of the states, in proceedings of this nature, the statutes provide that the notice or petition, or other statement required, must be filed within the time prescribed, and by analogy to the practice under the code which requires the complaint to be filed, etc., more especially as the notice of contest serves the double purpose of a complaint and summons, it would seem to be the better practice, and more in conformity with its usages, to require the notice to be first filed and then delivered to the proper officer for service, which would necessarily exact that it be filed within thirty days. But this has not been the uniform practice; usually the notice is served first, or before filing, but the practice has been, and the record of all the cases show, that the notice has been filed within thirty days. So that, if this section is to be construed according to the practice under it, the analogies which sustain it, and the evident purpose of the law to secure a speedy trial which necessarily demands promptness in commencing and prosecuting the proceedings, then the notice must be filed within thirty days. It certainly was not intended that a contestant should be permitted to cause a notice to be served on the party in possession, and then to pocket or hold back the notice for any length of time he may desire, or suits his whim, or to afford him time to skirmish around to find evidence to support his allegations. There must be some limit

within which this notice must be filed; and if not within
the time allowed to serve the notice, what limit?

If he may keep the notice back fifty days, why not a
year, or during the term?

In providing that the judge may sit at chambers and
try the contest, it becomes plain that the purpose of the
law is to insure a speedy trial, to the end that the choice
of the people legally expressed may prevail, and in recog-
nition of this principle, it is the practice of the courts as
it is their duty "to speed the cause, so that the official
term which is in dispute may not expire either in whole
or in large part before the final determination is reached."
Until the notice is filed, and the cause is pending in court,
the defendant is helpless to do anything in the premises,
but is he to be annoyed and menaced by a threatened
contest until it shall please the plaintiff to file his notice
of contest? What reason is there, when the notice is
served, that it should not then be filed? Why keep it
back? The cause of contest is stated in it, and no possi-
ble injury can come to the plaintiff by filing it, under our
system of allowing amendments, and the liberal construc-
tion given by the courts to contested election laws in order
that the will of the people in the choice of public officers
may not be defeated. What reason then can be given for
delaying the inquiry until it shall suit the volition of the
plaintiff to file his notice. It is not simply a matter of
his own private concern, but a matter in which the people
have a preponderating interest, and it is their right as
well as his duty, when he charges that another holds
an office to which he claims to have been elected, to have
it speedily determined, and when such is the manifest
intention of the law, it will be so construed as to give it
that effect. As a result, it follows that our opinion is,
that the notice must be served and filed within thirty
days, but as this objection is now first raised, and as there

are others, which would necessarily lead us to the same conclusion which the court below reached, we shall pass this objection with these suggestions for future guidance in such proceedings.

As the notice is the foundation of the action in a proceeding of this kind, and serves the double purpose of both summons and complaint, it should contain "the title of the cause specifying the name of the court and the names of the parties to the action, plaintiff and defendant" (Oregon Code, sec. 66, subd. 1); and "a demand for the relief which the plaintiff claims" (Oregon Code, sec. 66, subd. 3); and perhaps ought to be verified to insure good faith in the averments. Usually this has been the practice, but we are not prepared to say that a verification of the notice of contest is an absolute requirement. But certainly a notice of contest which is a writ containing the declaration, so to speak, ought to specify the name of the court in which the defendant is to appear, and the names of the parties.

The code makes the title of the case a part of the complaint, and as the notice of contest embodies the idea of both summons and complaint, the absence of these requirements is a ground of objection, which, when made, will prevail, unless leave to amend is asked for. The notice in the case at bar is without title, — it does not specify the name of the court or the parties, and asks for no relief, nor is it verified. It is simply addressed to D. R. N. Blackburn, without any caption, and although these objections were pointed out, and the plaintiff could have applied to the court for leave to amend, he chose not to do it, and there was no other alternative for the court than to grant the motion to dismiss. Again, the notice was served on the defendant on the fourth day of July, 1888, a legal holiday (Oregon Code, sec. 3543), which is made a non-judicial day by section 928 of the code. But the

expression "legal holiday" of itself imports *a dies non juridicus: Lampe* v. *Manning*, 38 Wis. 676; and "this," said Rodney, J., "means only that process cannot ordinarily issue, or be executed or returned, and that courts do not usually sit on that day. (*State* v. *Ricketts*, 74 N. C. 193; *San Francisco* v. *McCain*, 50 Cal. 211.) It would seem, then, that service of process upon a legal holiday is clearly irregular, and may be pleaded in abatement, or set aside on motion." (Wade on Notice, sec. 1359; *Cooner* v. *Jackson*, 50 Ala. 384.)

Upon the assumption that the notice of contest is a process as contended, the service was irregular, and was subject to be set aside on motion. Undoubtedly, one object of the notice of contest, like a summons, is designed to impart notice to the defendant, but it is doubtful whether it may be considered process in the technical sense, when even a summons is not process in the sense that requires it to run in the name of the state. (*Bailey* v. *Williams*, 6 Or. 71.)

Properly speaking, a summons is only a process when issued from the office of a court of justice requiring the person to whom it is addressed to attend the court for the purpose therein stated. Under our code, the summons is the process used to commence a civil action, but technically such a summons is not "process," but is more in the nature of a mere notice informing the defendant that an action has been commenced against him, and that he is required to answer the complaint therein within a specified time. In view of this distinction, the notice cannot be considered "process" in the sense in which that word is used in the books.

It is further objected that the notice or paper filed is not such as calls upon or requires the defendant to answer it, and several reasons are assigned therefor. There is no question but that the notice, or the complaint part

of it, is singularly defective, and omits much that is essential and indispensable to be alleged. Nor is the cause of such contest sufficiently or otherwise stated, so as to apprise the adverse party of the grounds of such contest, and enable him to be prepared to meet them. In a proceeding of this kind the notice of contest supplies the place of a complaint in an ordinary action. The code requires that the complaint should contain a plain and concise statement of the facts, and a demand for the relief claimed. (Oregon Code, sec. 66.) The statute for contested election requires that the person wishing to contest "may give notice in writing to the person whose election he intends to contest that his election will be contested, *stating the cause of such contest briefly*," etc. The "cause" of such contest is his cause of action,—the wrong committed. It is the fact or combination of facts which give rise to his right of contest or of action, as the case may be. In the complaint these are to be plainly and concisely stated, and in the notice briefly stated. But in either case the facts must be stated. To state them briefly necessarily implies that they shall be stated sufficiently plain as to advise the defendant of the "cause" for which his election is contested.

. It is no doubt true that upon the question as to the certainty required in stating the ground of a contest, the courts in the different states vary in opinion, but this in some measure may be accounted for by the difference in the statutes and the courts in which such contest is to be tried.

In respect to this phase of the subject, Mr. McCrary says: "Undoubtedly, the same rule should be applied to a pleading of this character that is applied to all other similar pleadings. It should state in a legal, logical form the facts which constitute a ground of complaint; nothing more is required; nothing less will suffice." (McCrary on Elections, sec. 405.)

In some of the states the rule is to require certainty to a common intent, while in others a much less degree of strictness is required.

In *Election Cases*, 65 Pa. St., Agnew, J., said: "The general rule in all pleadings is, that certainty to a common intent is all that is required. (Heard's Stephen's Pleading, 380.) The early decisions in this city were too stringent."

A much truer exposition of the law, and one to be adhered to, is found in the opinion of the late Judge Thompson, in *Mann* v. *Cassidy*, 1 Brewst. 26, 27. As remarked by him: "The rule must not be held so strictly as to afford protection to fraud by which the will of the people will be set at naught, nor so loosely as to permit the acts of sworn officers, chosen by the people, to be inquired into without adequate and well-defined cause." An interesting note upon this subject may be found in the Am. & Eng. Ency. of Law, p. 406.

Under our statute, by its meaning as well as by parity of reasoning, "stating the cause of such contest briefly" means stating the facts which give rise to the right to contest, or constituting the grounds of such contest. To do this briefly, certainty is required, but not technical precision of averment, and only that degree of certainty in the statement of facts as will serve to notify the adverse party of the particular cause upon which the contest is founded.

As the object of the notice is to inform the other party of the substance of the facts relied upon to defeat his claim, when the words used therein, taken in their ordinary sense, fairly serves this purpose, it is sufficient.

In the case at bar, the learned counsel, while not wholly ignoring some of the defects pointed out in the notice, sought mainly to uphold it upon the authority of *Howard* v. *Shields*, 16 Ohio, 186, and waiving any expression of

opinion as to the applicability of the view therein expressed to our statute, a glance at the statement of facts in that case as a test for the case here would be fatal to its sufficiency in many particulars.

The notice of contest in the case at bar proceeds in this wise: —

## "NOTICE OF CONTEST OF ELECTION.

"To D. R. N. BLACKBURN: You are hereby notified that your election to the office of county judge of Linn County, Oregon, at the regular June election for the year 1888, in said county and state, will be contested by me for the following reasons: —

1. A great number, to wit, the number of twenty-five or more illegal votes, were cast and counted for you for said office at said election, in each of the precincts of said county; the names of said voters being unknown to me at this time. *Particular specification* of the names of said voters I am unable to give, for the reason I have as yet had no time or *opportunity* to examine the poll-books, or ballots cast at said election.

2. A great many, to wit, the number of twenty-five or more of legal votes were offered for me at said election in each of the precincts of said county for said office, and the *judges* of election excluded said votes, and refused to *receive* or count the same for me; the names of said voters being unknown to me at this time. *A more particular specification* and description of the names of said voters I am unable to give, for the reason I have as yet had no time or *opportunity* to examine the poll-books, or ballots cast at said election.

3. A great number, to wit, twenty-five or more votes were counted for you for said office at said election in each of the precincts of the said county, which were not cast for you; the names of the persons casting said votes being unknown to me at this time. A more partic-

·ular specification of the names of said voters I am at this time unable to give, for the reason I have as yet no time or *opportunity* to examine the poll-books, or *ballots* cast at said election," etc.

Without encumbering the record further, it is enough to say that the notice of contest continues to run without abatement to the extent of fourteen counts with the same dead uniformity of general statement, and ends without even a prayer for relief. Nor does it appear by the notice that the plaintiff or contestant was an elector or resident of said county, or even a candidate for the office except by inference, although this last may be immaterial. (*Howard* v. *Shields*, 16 Ohio, 136; *Rounds* v. *Smith*, 71 ·Me. 380; *Nelson* v. *Lucas*, 43 Mo. 292; *State* v. *Peniston*, 2 Neb. 100; *State* v. *Long*, 91 Ind. 351.) Nor that the illegalities so numerously and uniformly charged would have affected the result, or that the contestant received a plurality, or majority of the legal votes cast for the office. (*Harris* v. *Loomis*, 6 W. Va. 713; *Zerby* v. *Shase*, 107 Pa. St. 183; *State* v. *Mason*, 14 La. Ann. 505; *Halstead* v. *Bader*, 27 W. Va. 306; *Lamer* v. *Gallatas*, 13 La. Ann. 175; ·*Swepstor* v. *Barton*, 39 Ark. 557.) Nor is there anything in the notice to show that the defendant was a candidate for county judge, or that he was declared elected as such, or that he received a certificate of election, or that he did not receive a majority or plurality of the legal votes actually cast, or that he was not duly and legally elected and entitled to the office. All to be found, except the counts as stated, is the opening statement that the defendant was elected at the regular June election in 1888, and that he intended to contest it. From the facts as set forth, it is manifest that they are not even reasonably or otherwise specific and certain, and that no one could be prepared to meet charges preferred in such a general way, or if any irregularity or illegality in fact did lie concealed

behind them, to avoid being taken by surprise. The wording of the notice indicates, as was asserted at the argument, that the plaintiff did not know of a single error or illegal vote cast, but stated the facts broadly and generally because he was unable to point out, or to be reasonably specific and certain as to any count in his notice, or as to any irregularity or illegality of whatever kind, upon which to rely, or other fact to sustain his claim. As the plaintiff insisted by his conduct as disclosed by this record in standing by his notice as it was, it is difficult to perceive, in view of all the facts, how the court could do otherwise than sustain the motion.

While it is the duty of courts to disregard mere technical rules or defects, and to liberally construe the law that the rights of the people may be preserved, and that no protection may be afforded to fraud, yet he who undertakes to contest the right of another to an office to which he has been declared to be elected, by a tribunal chosen by the people, ought to have some well-defined "cause," and to be able to state it with sufficient certainty as to notify or inform the other party of the substance of the facts upon which he relies to defeat his title, and to authorize the court to make the inquiry.

The judgment must be affirmed.