## WARE v. WALDEN, District Judge.

No. 19369.   Opinion Filed Nov. 19, 1929.

Sigler & Jackson and R. L. Disney, for petitioner.

RILEY, J. An alternative writ of prohibition was issued out of this court May 15, 1928, upon application of petitioner. Its purpose was to restrain the respondent, as district judge, from enforcing a temporary restraining order dated April 17, 1928, and a judgment announced May 12, 1928.

It appeared from the petition presented to us that Phillip Ware had assumed the office of clerk of school district No. 50, Carter county, by virtue of an election held in said district March 27, 1928; that certain citizens of said district began a suit to enjoin him from exercising the duties of the office and that the trial court granted and was extending such relief as sought by injunctive process. It now appears that Mary Tatum was granted leave to intervene, upon the theory that she was clerk prior to the said election and that in the event said election was void she would continue to occupy the office. The trial court announced his intention of rendering judgment in accord with the prayer of said Mary Tatum, whereupon the proceeding was stayed by this court. Subsequently, permission was obtained from the trial court by Mary Tatum to amend her petition so as to "resolve the action into an election contest," and the response of the trial court filed herein shows intention of the respondent, unless prohibited by this court, to render judgment declaring Mary Tatum to have been elected clerk of said school district and as such entitled to the office.

On the other hand, petitioner contends the petition below, as amended, fails to state a cause of action. We cannot consider that in this proceeding. Petitioner's remedy is by appeal.

It is urged that the trial court is without jurisdiction to hear the cause below. We are of the opinion that the trial court is possessed of authority to hear and determine the cause as it now appears, i. e., in the nature of quo warranto.

"A writ of prohibition, being an extraordinary writ, cannot be resorted to when the ordinary and usual remedies provided by law are available." Morrison v. Brown, 26 Okla. 201, 109 Pac. 237; McThwait O. & G. Co. v. Bolen, 77 Okla. 155, 187 Pac. 221.

The alternative writ heretofore granted is vacated, and the writ of prohibition denied, and the cause dismissed.

MASON, C. J., and CLARK, HUNT, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., absent, not participating.