## LOONEY v. COUNTY ELECTION BOARD of HUGHES COUNTY et al.

No. 21576. Opinion Filed Sept. 9, 1930.

Fred P. Branson, V. R. Biggers, C. Guy Cutlip, T. J. Horsley, and Irvin L. Wilson, for petitioner.

R. D. Howell, Jr., for respondent.

Thos. H. Owens, B. B. Blakeney, and A. S. Wells, for intervener.

O. Dale Wolfe, W. W. Pryor, G. O. Wallace, E. L. Ewing, W. A. Billingslea, John M. Stanley, E. W. Whitney, A. A. Criswell, Spencer Norvell, Lynn Adams, S. W. Biggers, W. A. Bishop, E. B. Short, Joe B. Crockett, Clarence J. Mull, A. M. Fowler, Lester E. Smith, J. M. Huser, C. M. Threadgill, Ira J. Banta, E. J. Sutherland, B. M. Salmon, James W. Pipkin, A. E. Archibald, J. E. Lester, T. H. Lester, G. R. Stirman, T. B. Pickens, J. P. Farnsworth, C. O. Lucas, James W. Rodgers, Binas Hostettler, Hugh M. Sandlin, Dudley B. Buell, Jno. E. Turner, J. B. Campbell, J. Ralph Knight, Hugh A. White, J. S. Myer, W. L. McFall, W. M. Haulsee, R. L. Busey, W. L. Kleinwachter, Chas. N. Hamilton, Ethel Hamilton, Ralph P. Welch, and J. R. Huggins, amici curiae.

ANDREWS, J. This is a companion case to case numbered 21575, entitled Joseph C. Looney v. County Election Board of Seminole County, this day decided, 145 Okla. 25, 291 Pac. 554. The contentions made in that case are made in this case. They were decided in that case, and this court will not restate its decision thereon. The law therein announced is applicable herein and is announced as the law of this case.

It is contended that contestant's petition is not sufficiently definite and certain. We quote from the petition the allegation made as to every precinct questioned, as follows:

"4. Said petitioner specifically challenges the correctness of the announced and posted results of said primary election in ward No. 1, in the city of Holdenville, Hughes county, Okla., and states that said announced and posted results are not true and correct for the following reasons, to wit:

"1. That in said ward No. 1, city of Holdenville, Hughes county, Okla., illegal voting was permitted and that persons not qualified electors were allowed to and did vote.

"2. That errors were made in the tabulation of votes.

"3. That errors were made in the counting of the votes.

"4. That votes were cast for this petitioner and not counted.

"5. That mutilated ballots which should have been thrown out and discarded were counted and tabulated.

"6. Petitioner says that the foregoing allegations are true, and that this petitioner in fact received a majority of the votes cast for the nomination."

In addition to those allegations there were

general alllegations from which we quote, as follows:

"3. Said petitioner challenges the correctness of the announced and posted results of said primary election, and alleges, as hereinafter more specifically set out, that errors and alterations were made in the balloting, counting and tabulating, which errors were against this petitioner, and that said errors, as herein challenged, will change the result of said primary election in favor of this petitioner. * * *

"Forty-Nine. Petitioner further states that the election officials and counters in the precincts above named, and each of them, counted and tabulated votes for Joe C. Looney, opponent of this petitioner, which votes were in fact cast for this petitioner and should have been counted and tabulated in his favor.

"Fifty. Petitioner further states that the errors and irregularities hereinbefore set out and complained of are true, and will, when taken in conjunction with the vote cast in Seminole county, changed and (sic) results of said primary election in favor of this petitioner."

The contention is made that this petition does not "* * * set forth a detailed statement of each error or alteration complained of. The petition filed in Hughes county contains only general allegations and, as we read it, does not point out a single definite and specific error or alteration committed or made."

In our opinion, the verified petition provided by section 6, ch. 241, Session Laws of 1929, for a contest of a general primary election must set forth a detailed statement, in separately numbered paragraphs, of each error or alteration complained of. and the allegations thereof must show that, if true, the petitioner received the majority of all votes cast for said nomination, or show that no candidate received such a majority, and that the petitioner received either the highest or the next highest vote cast for said nomination. That is the plain language of the act.

Section 6, supra, provides that a candidate in a general primary election may challenge the correctness of the announced and posted results thereof and thereby procure an inspection and a count of the ballots by the county election board, if a recount is prayed for, by filing with the proper county election board a verified petition. That verified petition must set forth a detailed statement, in separately numbered paragraphs, of each error or alteration complained of. There is nothing in the section that authorizes the inclusion in the verified petition of conclusions either of fact or law.

The petition must state facts in detail, and the facts stated therein, if true, must show that the petitioner received a majority of all votes cast for said nomination or show that no candidate had received such a majority and that the petitioner had received either the highest or the next highest vote cast for said nomination.

A discussion of the allegations necessary to make such a petition sufficient is contained in 20 C. J. 227-8-9, and in 9 R. C. L. 1167-8. Those texts and the cases cited in support thereof announce the rule that the petition must contain a statement of facts and that its sufficiency must be determined from the facts therein stated rather than from the conclusions therein stated. The Supreme Court of Montana, in the case of Gillespie v. Dion, 18 Mont. 183, 44 Pac. 954, said:

"He should have particularized the facts upon which he draws his conclusion, to the end that the court may see that, if his specifications of grounds are true, he should be granted relief."

The Supreme Court of Oregon, in the case of Whitney v. Blackburn, 17 Ore. 564, 21 Pac. 874, said:

"It is the fact or combination of facts which give rise to his right of contest or of action, as the case may be."

In that case there was quoted from Election Cases, 65 Pa. 36, a statement, as follows:

"The rule must not be held so strictly as to afford protection to fraud by which the will of the people will be set at naught, nor so loosely as to permit the acts of sworn officers, chosen by the people, to be inquired into without adequate and well-defined cause."

The syllabus of the Oregon court is as follows:

"While it is the duty of courts to disregard mere technical rules or defects, and to liberally construe the statute of contested elections, that the rights of the people may be preserved, and that no protection may be afforded to fraud, yet he who undertakes to contest the right of another to an office to which such other has been declared elected by a tribunal authorized by the people. ought to have some well-defined 'cause,' and to be able to state it with sufficient certainty as to notify and inform the other party of the substance of the facts upon which he relies to defeat his title and to authorize the court to make the inquiry."

The texts cited and many of the decisions in support thereof follow a statement made in McCrary on Elections, as follows:

"An application for recount of the ballots

cast at an election will not be granted, unless some specific mistake or fraud be pointed out, in the particular box to be examined. Such recount will not be ordered upon a general allegation of errors in the count of all, and giving particulars as to none, of the boxes."

The other cases cited are to the same effect. We think the rule stated is applicable in this jurisdiction and that the legislative act under consideration should be given that construction.

The same authorities hold that such statutory proceedings are special and summary in their nature and that, in general, strict observance of the statute, so far as regards the steps necessary to give jurisdiction, is required and the jurisdictional facts must appear on the face of the proceedings. We approve that rule.

An examination of the petition of the contestant discloses that the allegations thereof as to errors or alterations are general and not sufficiently definite that this court may determine from the statement of facts therein made that, if true, they are sufficient to change the announced result. For instance, this court cannot say from the allegations of fact contained in the petition how many errors were made in ward No. 1 of the city of Holdenville or in any other precinct. The general allegation that the errors are sufficient to change the result of the primary election is, at best, only a conclusion of the pleader. The allegation that the contestant, in fact, received a majority of the votes cast for the nomination is a conclusion, and this court cannot determine the correctness of that conclusion from the allegations of fact contained in the petition.

The petition does not conform to the requirements of the statute and, for that reason, was not sufficient to invoke the jurisdiction of the county election board of Hughes county. That board is without jurisdiction to proceed with a recount of the ballots and is proceeding in the matter without jurisdiction. For that reason that board and the members thereof should be prohibited from proceeding with a recount of the ballots.

It is, therefore, ordered that the county election board of Hughes county, Okla., and each and all of the members thereof be, and they are, prohibited from recounting any of the ballots cast at the primary election held in Hughes county on the 29th day of July, 1930, for the office of district judge on the petitions of contestant; that they, and each of them, be, and they are, prohibited from determining the qualifications of any voter who voted at said election, and that they, and each of them, be, and they are, prohibited from determining how any voter voting at said election voted thereat.

A writ is ordered to issue in accordance herewith.

MASON, C. J., LESTER, V. C. J., and CLARK, RILEY, HEFNER, CULLISON, and SWINDALL, JJ., concur.

HUNT, J., disqualified.

Note.—See "Elections," 20 C. J. §122 p. 119, n. 98; §128, p. 121, n. 55; p. 122, n. 63.