ALBRIGHT v. ELECTION BOARD OF PAYNE COUNTY et al.

No. 26046.    May 7, 1935.

Ernest F. Jenkins and Wilcox & Swank, for petitioner.

Guy L. Horton, Co. Atty., and Leon J. York, Asst. Co. Atty., for respondents.

GIBSON, J.  The petitioner, H. G. Albright, commenced this action in the district court of Payne county against the respondents, the members of the county election board of said county, and J. M. Graves, wherein the petitioner sought a writ of prohibition against the county election board, commanding said board to refrain from further proceedings in an election contest filed by Graves against Albright, challenging the correctness of the announced result of the election between Albright and Graves for county commissioner at the general election in November, 1934. The district court denied the writ, and petitioner has appealed.

Albright received the larger number of votes at the election and Graves filed his contest petition with the election board, as authorized by section 5813, O. S. 1931.

Albright sought the writ upon the ground that Graves' contest petition was insuf-

ficient to confer jurisdiction upon the board to hear the same, in that it failed to state facts sufficient, if true, to change the result of the election in his favor, or did not set forth a state of facts sufficient to show that fraud had been committed in connection with the election.

And it is further contended that the petitioner has no adequate remedy at law.

Section 5813, O. S. 1931, gives to any candidate for county office at the general election the right to challenge the correctness of the announced results of said election by filing, within ten days after the election, a verified statement with the secretary of the election board setting forth a state of facts which, if true, would change the result of the election in his favor; or setting forth a state of facts showing that fraud had been committed in connection with such election, or both, which, if sustained, would affect the result of the election and change the same in favor of the contestant.

Said section provides also for notice, and for hearing before the board, which hearing must be set for a day not later than five days after completion of the prescribed notice or at a regularly adjourned meeting of the board. Appeal from the action of the board may be taken to the district court of the county.

It is conceded by the parties that the county election board of Payne county had jurisdiction to hear and determine the contest in question upon the institution of proper proceedings before it. The section of the statute under consideration confers upon the board such jurisdiction, and provides the only means whereby an election may be contested by the parties.

Originally a writ of prohibition will not be granted where the usual and ordinary remedies provided by law are available. Evans v. Willis, 22 Okla. 310, 97 P. 1047; Morrison v. Brown, 26 Okla. 201, 109 P. 237; Billings Hotel Co. v. City of Enid, 77 Okla. 122, 186 P. 1085; Ware v. Walden, 140 Okla. 7, 282 P. 289.

Usually, where a trial court, the election board in this case, has jurisdiction of the subject-matter and the parties, the appellate court will not interfere with a writ of prohibition. The cause should be permitted to proceed to judgment in the trial court, and any irregularities should be reviewed on appeal. Mere irregularities in the proceedings will not justify the writ.

The court so held in Evans v. Willis, supra, as follows:

"* * * Such writ will not be issued on account of errors or irregularities in the proceedings of a court having jurisdiction, or on account of insufficiency of the averment or pleading, or upon matters of defense which may be properly raised in the lower court (citing cases). The better rule appears to be that the writ will be issued where the lower court appears to be without jurisdiction upon the record and admitted facts."

The election board has had no opportunity to pass upon the sufficiency of the petition. Whether or not the allegations of the petition are sufficient to challenge the attention of the board exercising its judicial power is a question for the board to determine, subject only to appeal as provided by law. Such is the rule where there exists jurisdiction of the parties and the subject-matter.

In the case of Looney v. County Election Board of Hughes County, 145 Okla. 23, 291 P. 565, this court granted a writ against the election board on the ground that the contest petition filed with the board was insufficient. The contest in that case was filed pursuant to section 6, chapter 241, S. L. 1929, which allowed no appeal from the action of the board. There existed no adequate remedy by way of appeal. Under such circumstances prohibition will lie to correct, or prohibit, an erroneous decision upon a question of jurisdiction. (22 R. C. L. 12.) Therefore, the case cited could not be controlling in the present case.

Where there exists the right of appeal, and the lower tribunal has jurisdiction of the general class of cases to which the particular case belongs, error of the court in its decision upon a jurisdictional question is not ground for issuing a writ of prohibition (22 R. C. L. 24), in the absence of a showing that an erroneous decision as to jurisdiction may result in great and irreparable injury to the petitioner. Therefore, the election board will not be prohibited from determining the question of whether or not the contest petition states facts sufficient to entitle the petitioner to the relief sought. No present danger of irreparable damage exists in this case.

It is contended by the petitioner that the election board failed to convene within the time limited by the statute, or at a regularly adjourned meeting, for the purpose of hearing the contest, and the board thereby lost jurisdiction to hear the matter. The

. 164

record is silent as to when the board convened. In such case we presume the board acted in all respects as authorized by law.

The judgment of the trial court denying the writ is affirmed.

The alternative writ of prohibition heretofore granted by this court on the 4th day of December, 1934, directed to respondent herein, is hereby dissolved, and it is so ordered.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.