## STATE ex rel. BRITTON et al. v. DISTRICT JUDGE et al.

Nos. 27965, 27966.     Nov. 16, 1937.

C. C. Williams and R. G. Bulgin, for relators.

Newman & Phillips and Buck Smith, for respondents.

PER CURIAM. This is an original proceeding in this court to prohibit the district court of Pushmataha county and the judge thereof from proceeding in causes Nos. 3795 and 3796 filed in that court, for the reason that the county court of Le Flore county had jurisdiction of the matters as alleged in the petitions filed.

S. L. Britton died on January 8, 1937, and the probate court of Le Flore county admitted to probate a holographic will executed July 9, 1935. The date of the order admitting the will to probate does not appear in any of the proceedings presented to this court.

On the 26th day of May, 1937, after the will had been admitted to probate, Ben Hickman Britton, a minor, in his individual capacity and through his mother and next friend, filed in the district court of Pushmataha county an action, No. 3795, against certain parties consisting of the heirs of the said S. L. Britton, deceased, and the executors of the will alleging that he was the minor son of the said S. L. Britton, deceased, and setting out and claiming a specific interest in the real property of the said S. L. Britton.

At the same time and on the same date, Lula Hickman filed an action in the district court of Pushmataha county, the same being cause No. 3796, alleging that during the lifetime of S. L. Britton she cohabited with him, and that over a period of 20 years, by their joint efforts, they acquired certain property, and she has an interest in specific real estate jointly acquired by them in Pushmataha county.

On the 19th day of June, 1937, Samuel Britton, James Britton, and O. C. Britton, as executors of the estate of S. L. Britton, deceased, and Samuel Britton, James Britton, and O. C. Britton, Nancy Mary Britton, and Margaret Tucker, nee Britton, as relators, filed their original application in this court against the district judge of Pushmataha county and the district court of Pushmataha county, the same being styled No. 27966, and sought to prohibit the district judge from proceeding in cause No. 3795. On the same date and in cause No. 27965, the same relators filed against the district judge and the district court of Pushmataha county an application for writ of prohibition seeking to prohibit the district court of Pushmataha county from proceeding in cause No. 3796 in said district court. On June 23, 1937, this court

denied the application for an alternative writ in cause No. 27965 until the relators had presented the question of jurisdiction to the trial court. Thereafter the relators filed demurrers in each of the cases in the district court, and as specific grounds for demurrer alleged the lack of jurisdiction. A brief was then filed alleging that these demurrers had been filed and that the trial court in each case had overruled the demurrers. This court, under the date of July 31, 1937, ordered the two causes consolidated and issued its alternative writ, to which a return and response has been duly filed.

We are of the opinion, and hold, that as to the petition of Lula Hickman, the writ of prohibition should be denied.

We have held that where it is sought in this court to prohibit an exercise of jurisdiction by a district court upon the theory that same is in conflict with the former action of a court of co-ordinate jurisdiction, the writ will not be granted if it appears that there is no sharp or intolerable conflict between the two courts. State v. Johnson, 163 Okla. 212, 21 P. (2d) 1041. Generally the application for writ of prohibition will not be entertained unless it is clear that an inferior court is attempting to exercise jurisdiction beyond its power. Adams v. Dist. Court of Muskogee County, 166 Okla. 263, 27 P. (2d) 611. In Albright v. Election Board, 172 Okla. 162, 44 P. (2d) 995, we said:

"Where there exists the right to appeal, and the lower tribunal has jurisdiction of the general class of cases to which the particular case belongs, error of the court in its decision upon a jurisdictional question is not ground for issuing a writ of prohibition in the absence of a showing that an erroneous decision as to jurisdiction may result in great and irreparable injury to the petitioner.

"Ordinarily a writ of prohibition will not be granted where the usual and ordinary remedies provided by law are available."

See, also, Halliburton v. Williams, 166 Okla. 248, 27 P. (2d) 360.

We are, therefore, of the opinion, and hold, that the district court of Pushmataha county had jurisdiction to consider and determine the petition filed in cause No. 3796. As to the petition filed in cause No. 3795, there has been a confession of error filed by the defendant in error stating that the question is controlled by the rule announced in Bingham v. Horn, 123 Okla.

193, 252 P. 847, which prohibited the maintaining of an action to determine heirship in the district court during the pendency of a proceeding in the county court. This confession of error is signed by the same attorneys who represented plaintiff in cause No. 3795. On such confession of error the writ is granted as to cause No. 3795. Otherwise, the writ as to cause No. 3796 is denied.

This opinion shall not be construed as in any manner determining the merits of the petition filed or the correctness of the trial court in overruling the demurrer filed in cause No. 3796.

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS, CORN, GIBSON, HURST, and DAVISON, JJ., concur. RILEY and WELCH, JJ., absent.