E. R. HENRY, Jr. ET AL *v.* C. C. STUART ET AL

5-5759                                            473 S.W. 2d 164

Opinion delivered November 8, 1971

*Dickey, Dickey & Drake,* for appellants.

*Gill & Clayton,* for appellees.

Lyle Brown, Justice. Appellants are qualified electors and taxpayers of the Desha County School District. Appellees are members of the Desha County Board of Election Commissioners. Appellants brought this action in mandamus to require the appellees to recount the votes cast in an election for increasing the millage to erect a school building. On demurrer the circuit court dismissed the petition, holding that it had no authority to issue a writ of mandamus to compel the board to perform an act which was discretionary. On appeal, appellants contend that the writ should have been granted.

The statute provides that one who is dissatisfied with the returns from any precinct may have a recount at any time before the canvass of the votes is completed. Any dissatisfied party or parties may file a petition "showing reasonable grounds for believing that the return, as made by the judges of election, does not give a correct statement of the vote as actually cast, as the same is shown by the ballot returned with the certificate of the judges. . . ." Ark. Stat. Ann. § 3-508 (Supp. 1969).

Of course we are not bound by the prayer for relief in determining whether appellants stated a cause of action. We look at all the facts stated in the pleading to determine whether mandamus is appropriate. See *Culp* v. *Scurlock*, 225 Ark. 749, 284 S. W. 2d 851 (1955). If the facts alleged "entitle the plaintiff to any relief, either legal or equitable, although they may not entitle him to all the relief prayed for, the complaint is not subject to demurrer upon the ground that its allegations are insufficient to state a cause of action." 41 Am. Jur., Pleading § 110.

It is asserted in appellants' pleading that they petitioned the board of election commissioners for a recount and that the board "declined to consider the petition." In other words the fact is alleged that the board refused to act, one way or the other, on the petition for recount. If that fact is established on hearing in the circuit court then that court would have authority to direct the board, acting with sound discretion, to take action and either grant or deny the petition. The court cannot order the

board to recount the votes, as requested in appellants' petition. That is because the board must find, as a prerequisite to a recount, that there are reasonable grounds for believing the returns are incorrect. That is clearly not a ministerial act but an act of discretion. "Our law holds that the writ of mandamus will not be granted to review the exercise of discretion of an officer or official board, but can be invoked only to compel the officer or board to exercise such discretion." *Ellis. v. Rockefeller,* 245 Ark. 53, 431 S. W. 2d 848 (1968).

Appellants are entitled to a hearing on their allegation that the board of election commissioners has refused to act on their petition.

· Reversed and remanded.