BOARD OF EDUCATION OF DEPENDENT SCHOOL DISTRICT NO. 32 OF SEMINOLE COUNTY, State of Oklahoma, Petitioner,

v.

The OKLAHOMA STATE BOARD OF EDUCATION et al., Respondents.

No. 47341.

Supreme Court of Oklahoma.

April 9, 1974.

Larry L. French, Edwards & French, Seminole, for petitioner.

Larry Derryberry, Atty. Gen., and Joe Lockhart, Asst. Atty. Gen., Oklahoma City, and Samuel W. Biggers, Acting Dist. Atty., Wewoka, for respondents.

WILLIAMS, Vice Chief Justice:

Petitioner dependent school district (named New Model) requests this Court to assume original jurisdiction and grant a writ of mandamus requiring respondents to "revoke" certain emergency transfer orders entered by respondent county superintendent on February 19, 1974 and the approval thereof on that same date by respondent State Board of Education. The transfer orders sought to be so revoked were purportedly based on Title 70 O.S.1971, § 8–104. Such orders as so approved accomplished the transfer of some twelve school pupils who resided in petitioner dependent school district and who theretofore had attended its school, to two other school districts within Seminole County. Such transfers in each instance were classified as and considered by the respective parties as "emergency" transfers. In each instance the reasons given for making such transfers as indicated in the orders of the respondent county superintendent making the transfers was, "in the best interests" of the pupils. The pupils named in those orders no longer attend school in petitioner district, thus accordingly reducing its average daily attendance figure.

The portion of the said § 8–104 pertinent to our present inquiry is as follows, to-wit:

"A written application for an emergency transfer designating the district to which the transfer is desired shall be made by either the parent or guardian, and on an adequate showing of emergency the county superintendent may make and order a transfer, subject to approval by the State Board of Education. Such an emergency shall include *only* the destruction of a school building, the inability to furnish the grade of study the pupil is entitled to pursue, and the total failure of transportation facilities previously had or contemplated. Similarly, a transfer previously made may be can-

celed, with the concurrence of the board of the receiving district, and a retransfer granted. . . . " (Emphasis added).

The two sections of the statute immediately preceding such § 8–104, relate to the making of what the parties call regular transfers of school children from one district to another, as distinguished from emergency transfers with which we are here concerned. In this instance of so-called regular transfers, authorization is given in § 8–102 of the statute for the granting by the county superintendent of "an application for transfer of a child from the district in which he resides to another school district furnishing instruction in the grade he is entitled to pursue if such transfer has the approval of the boards of education of the sending and receiving districts. Provided, however, if the grade such child is entitled to pursue is not offered in the district where such child resides, the transfer must be approved . . . .. No transfer shall be granted for any reason not hereinbefore specified . . . .."

Such applications must be filed for regular transfers by May 15 preceding the school year for which the transfer is desired. § 8–103. This is required in order that the pupil may be transferred to the "transferee" district prior to the commencement of the new school year and so that the required fiscal adjustments can be made.

No provision is made in § 8–104 for an appeal from the order of the county superintendent granting an "emergency" transfer. However, in the present case petitioner dependent school district did attempt to effectuate an appeal to the District Court of Seminole County. That court set the case down for trial de novo, had the sheriff notify the county superintendent and at the hearing heard some evidence concerning the matters in suit but dismissed the purported appeal for want of jurisdiction.

In this original action, the petitioner district seeks to invoke the aid of this Court on the theory that the order of respondent

county superintendent purporting to transfer the pupils involved to other districts in the county is void because there was no evidence to show and it is not recited in the orders and it is not true as a matter of fact that either of the three grounds which and only which § 8–104 "includes" within the expression "emergency" as authorizing an emergency transfer, exists in this case, that is to say there has been no showing made that the school building has been destroyed, that the petitioner is unable to furnish the subject pupils the grade of study they respectively are entitled to pursue or that petitioner's transportation facilities have failed.

Admittedly the children so transferred as hereinabove recited are not attending school in petitioner district and it necessarily follows that such district is prevented from including the attendance of such pupils in its average daily attendance figure and it is suffering a corresponding reduction in its budgetary income.

Petitioner district argues that owing to the nearness of the end of the present school term, time is of the essence and that it would be injudicious on its part to pursue an appeal from the dismissal by the district court of its attempted appeal thereto, under all the circumstances and in view of the time that would be consumed by the taking of such an appeal, a possible remand and retrial, etc. Petitioner says it is otherwise remediless as required by 12 O.S.1971 § 1452.

As appears from the foregoing the parties orally presented this matter to a member of this Court. Respondents on that occasion waived the presentation of a written response and the filing on their behalf of written briefs. A short but complete presentation outlining their arguments is therefore deemed to be desirable.

The office of respondent State Superintendent indicated to the Justice hearing this cause on the occasion of the oral presentation of the case, that respondent State Superintendent and the State Board considered themselves rather in the position of stakeholder in this case and would merely await the Court's pronouncement herein and then follow it.

The Attorney General argued on behalf of the department and the county superintendent, however, that it appeared that petitioner district seeks to have this Court compel respondents to do something they have no authority to do, that is, to "revoke" the department's order with which we are herein concerned. He suggests that perhaps an action for a declaratory judgment would be an appropriate avenue for petitioner district to seek nullification of the proceedings already taken.

Respondents point to the requirements of § 8–105 that the county superintendent's transfer orders be immediately certified to the county clerk for use by the excise board, and to the county treasurer, as well as the State Board of Education and that adjustments to the budget of the transferee district made by the excise board forthwith shall be certified to the State Board. They argue that petitioner's efforts herein amount to an attempt to nullify the proceedings already taken with respect to the subject transfers and fiscal follow-up proceedings, without any provision of law authorizing such action.

Respondents refer to Title 12 O.S.1971 § 1454 of effect that when the right to require the performance of an act is clear and that is apparent that no valid excuse can be given for not performing it, a peremptory writ of mandamus may issue.

Suggestion then is made that the situation described by petitioner is far from being one that clearly requires issuance of the writ for the reason that there is no statute that requires the respondents to "revoke" what they have ordered done.

The district attorney suggests a want of necessary parties and that the county treasurer and excise board should be made parties to this action; that, otherwise, there is a defect of parties to the action and no way of binding officials not includ-

ed in the suit to perform according to the terms of any opinion or writ that might be issued by this Court.

As has been noted hereinabove, our statute 70 O.S.1971 § 8–104 authorizes "emergency" transfers of pupils from one school district to another, by order of the county superintendent, upon written application of the parent or guardian, subject to the approval of the State Board of Education.

The section provides that such an emergency as will authorize this type of transfer of pupils "shall include *only* the destruction of a school building, the inability to furnish the grade of study the pupil is entitled to pursue, and the total failure of transportation facilities previously had or contemplated." (Our emphasis).

■ It appears to be crucial with petitioner that it not lose the advantage of the inclusion in its average daily attendance count of the pupils now attending school elsewhere pursuant to the subject orders. Therefore, and because it is a new question and a matter of widespread interest, the Court has decided to assume original jurisdiction and for the reasons hereinafter stated to grant the writ petitioner seeks, under superintending control. Art. VII Const. § 4.

■ Presented for our determination is the question whether a county superintendent lawfully may order an emergency transfer of the nature herein involved without a showing first being made either that a school building has been destroyed, or the school district is unable to furnish the grade of study the pupil is entitled to pursue or that the transportation facilities the district previously had or contemplated have totally failed. We hold he may not.

■ Petitioner argues that while § 8–102 permits some transfers by acquiescence of members of the sending and receiving school boards, there appears to be nothing in § 8–104 permitting the exercise of discretion on the part either of the county superintendent or the boards of the sending or receiving school districts. We agree

that the acquiescence or non-acquiescence of the board of petitioner (New Model) School is immaterial in the instance of an emergency transfer. The point is conceded by the respondents.

■ No attempt has been made herein to show either that petitioner (New Model Dependent School District No. 32 of Seminole County) has had a "school building" destroyed, or that it is unable to furnish the pupils with whom we are concerned the grade of study they are entitled to pursue or that its "transportation facilities previously had or contemplated" have totally failed. In these circumstances we hold the county superintendent had no discretion in the premises and was not authorized to enter the transfers of pupils attempted to be ordered herein and that in view of the timely resistance by petitioner herein each of such orders is but a nullity and such recognition as was given them by respondent State Board could but compound their inefficacy. In the 1967 decision of this Court in Board of Education of I.S.D. No. 1 of Tulsa County v. Clendenning, J., Okl., 431 P.2d 382, 383, in an analogous situation where the county superintendent had granted transfers because, as he testified, "This was my only consideration was the best interest of the child," we, in paragraph 2 of the syllabus, said:

"2. The specific enumerated reasons set forth in 70 O.S.1965 Supp. § 8–3 are the only grounds upon which a transfer may be granted by a county superintendent pursuant to said statutory provision."

(The statute there involved was similar to the present § 8–103 above considered).

Petitioner argues that it sought without avail to be heard "before the administrative bodies" in opposition to the applications for transfers here in question. In view of our decision herein we find it unnecessary to deal further with the point.

Further point is made that no notice of the county superintendent's order was given to petitioner. It argues that an opinion of the Attorney General was rendered

some fourteen years ago to the effect that, under the statutes formerly providing for the procedure to obtain, and appeals from orders granting transfers, of which §§ 8–102 and 8–103 are the successor statutes, notice of ruling against the district should be given prerequisite to their becoming effective and that, by analogy, the orders granting the present transfers therefore are ineffective. Again, our opinion in this case to our minds renders unnecessary the giving of further attention to that argument.

Petitioner, in request herein for issuance of writ of mandamus pleaded that one of the two of its three members who originally agreed to the transfers in question, after consideration of the amended statute reached a contrary view and three days before the county superintendent made his transfer orders, filed with him an affidavit to that effect (and therefore the proposed transfers did not bear the approval of a majority of the board). Petitioner now concedes, as do the respondents, that whether the petitioner's board approves or disapproves of the requests for transfers is not material. Therefore this matter will be given no further consideration.

Writ of Mandamus is ordered issued, vacating the subject purported emergency transfer orders and placing the subject pupils and petitioner dependent school district back in their previous status quo, effective as of February 19, 1974, and the respondent county superintendent is directed to vacate the purported transfers herein involved, to place the petitioner district and its involved pupils back in their previous status quo, to certify his order so vacating such transfers to the county clerk for the files of the county excise board, and to the county treasurer and to the State Board of Education.

Writ granted.

DAVISON, C. J., and IRWIN, BERRY, HODGES, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., concurs in result.