Mildred STEWART et al., Petitioners,

v.

JUDGE OF the 15TH JUDICIAL DISTRICT of the State of Oklahoma, William H. Haworth, Respondent.

No. 48673.

Supreme Court of Oklahoma.

Nov. 6, 1975.

**946**

Greer & Greer by Frank A. Greer, Jefferson G. Greer, Don L. Gilder, David L. Peterson, Eric E. Anderson, Tulsa, for petitioners.

Bruce Green, Pearson & Green, Muskogee, for respondent.

DOOLIN, Justice.

We have carefully considered and weighed all factual allegations set forth by the parties in the pleadings, affidavits, portions of the record and briefs and have determined that upon the death of the parents of George R. Cosper, minor, in an explosion, his grandmother (a petitioner) was appointed guardian of his person. Thereafter, her removal was sought by an aunt from the other side of the family. During the period while the grandmother served as guardian and continuing until the present, and obviously at grandmother Mildred's request and insistence, attorneys Greer, Peterson, Gilder, Greer and Anderson, who are also petitioners in this cause, filed probate proceedings for the deceased parents of the minor and also filed four personal injury actions on his behalf. The personal injury actions are apparently ready for trial.

At the removal hearing sought by the aunt, the court appointed the First National Bank of Muskogee, guardian of the estate of the minor along with S.—— and B.—— S.—— and B.——, together with an officer of the bank, were to act in the selection of attorneys to represent the minor in the personal injury actions. We note at this point that the combined prayers of the personal injury actions were in excess of 2 million dollars. The respondent judge conditioned the appointment of the three guardians last mentioned, in that their duties were to be originally limited to the selection of attorneys to represent the minor in the personal injury actions. At the time of the appointment of the selection committee, the respondent judge stated he might remove one or all three when they had made a selection. The result of the action of the selection committee was that they hired attorney P. rather than the petitioner attorneys heretofore described.

We further note the respondent judge has not removed S.—— and B.—— who now stand with the First National Bank of Muskogee, Oklahoma, as guardians of the estate of the minor. Thus we have guardians of the person (grandmother Mildred) and three guardians of the estate of the minor.

More than one guardian is authorized under 58 O.S.1971 § 772.

Petitioners seek prohibition on the grounds of unauthorized use of judicial force; they also seek to allow the guardian bank to name or make the selection of attorneys, thus indirectly asking that the order of the respondent judge be vacated as to the selection procedure heretofore outlined.

Although it can be argued that the application and petition for prohibition

should be denied on the simple grounds that an adequate remedy at law, appeal, exists, we decline this action for our holding in *City of Bethany v. the District Court of Oklahoma County,* 200 Okl. 49, 191 P.2d 187 (1948), authorizes the use of a Writ of Prohibition when an appeal does not provide *"plain speedy and adequate"* relief under the circumstances. See also *State ex rel. Oklahoma Natural Gas v. Hughes,* 204 Okl. 134, 227 P.2d 666 (1942); *State ex rel. Britton v. District Judge of Pushmataha County,* 181 Okl. 286, 73 P.2d 457 (1937), and *Frensley v. Frensley,* 173 Okl. 321, 49 P.2d 731. We conclude that when a plain speedy and adequate remedy is *not* provided by appeal, prohibition will lie. This rule is sometimes stated: "the availability of another remedy does not prevent granting of prohibition if other remedy is not equally adequate;" *Sparks v. Steele,* 501 P.2d 1106 (Okl.1972).

■ As previously mentioned, examination of the application and petition for the writ indicates that petitioner seeks not only prohibition against respondent judge but also a writ in the nature of mandamus requiring the vacation of his order appointing guardians. Even though the prayer does not specifically invoke mandamus we believe and will treat said application as seeking both prohibition and mandamus. We find no Oklahoma case in point which has specifically allowed the treating of a formal application for prohibition as mandamus in special matters. We have held in numerous cases however that "Equity looks to substance not form." Calling on cases from California the rule appears to be well established:

> "Although a person may request an improper writ, if the cause is tried without objection to the remedy sought * * * the petitioner is entitled to the relief sought although under a different form of writ, the court has the power and should grant the proper relief."

See *Elevator Operators and Starters' Union v. Newman,* Cal.App., 180 P.2d 42, 46;

*Fritz v. Superior Court in and for San Francisco,* 18 Cal.App.2d 232, 63 P.2d 872; *Simmons v. Superior Court in and for Los Angeles County,* 96 Cal.App.2d 171, 214 P. 2d 844, and *Owens v. Superior Court in and for Los Angeles,* Cal.App., 338 P.2d 465. To the same effect and from other jurisdictions see *State ex rel. Duke v. O'Brien,* 145 W.Va. 600, 117 S.E.2d 353 and *Henry v. Stuart,* 251 Ark. 361, 473 S.W.2d 164.

Having decided that the form of the application and petition filed and the prayer sought is not singularly controlling, we are next presented with the more formidable question as to whether a writ will issue to vacate the action and orders of the trial court under the *peculiar facts and circumstances of this case.* We dealt with our powers to vacate orders of *administrative bodies* in *Board of Education of Dependent School District #32 v. Oklahoma State Board of Education,* 521 P.2d 390 (Okl.1974), wherein the acts of the State Board of Education were vacated and set aside by mandamus. See *State ex rel. Freeling v. Kight,* 49 Okl. 202, 152 P. 362 (1915) where an attempted order of the County Court abrogating Supreme Court rules was vacated; *Bare v. Patterson,* 200 Okl. 420, 195 P.2d 281 (1948) for another vacation of an administrative order. Although no cases on the question of vacation of appealable orders and judgments of courts of record or more particularly, orders of a probate court (which proceedings are in the nature of special proceedings) are found in Oklahoma, we see no reason to decline such an action. In *St. Louis-San Francisco Railway Co. v. Superior Court of Creek County,* 290 P.2d 118 (Okl.1955), we vacated the order of the district court in overruling motions to dismiss, stating that where there had been an arbitrary abuse of discretion by the trial court mandamus will lie. See also *State of Indiana on the relation of Anderson-Madi-*

son County Hospital Development Corporation et al. v. Superior Court of Madison County et al., 245 Ind. 371, 199 N.E.2d 88 where the Supreme Court of Indiana wisely observed: "this Court is given specifically the duty and power to issue original writs of mandamus and prohibition for the purpose of confining lower courts to the respective lawful jurisdictions." The editorial headnote from that case states:

"Judge's attempt to remove testamentary trustee because she would not accept designation of beneficiaries which court personally desired in exercising her discretion * * * * was arbitrary and beyond the jurisdiction of the court, warranting issuance of writs of mandate and prohibition."

In La Buy v. Howes Leather Company, Inc., 352 U.S. 249, 255, 77 S.Ct. 309, 313, 1 L.Ed.2d 290, 296 (1957) the Supreme Court of the United States stated: "The Court of Appeals (7th Cir.) * * * has power in proper circumstances, to issue writs of mandamus to compel district judges to vacate interlocutory orders * * *."

The federal case of Padovani v. Bruchhausen, 293 F.2d 546 (2nd Cir. 1961) holds that a U.S. Court of Appeals has the power to issue mandamus in vacating a pretrial order of a U.S. District Court. It is conceded that such orders of the U.S. Circuit Courts and perhaps the United States Supreme Court stem from Federal Rules of Civil Procedure, or the All Writs Act, 28 U.S.C. § 1651, but we believe such Federal rules and statutes are no less authoritative than the specific grant of superintending control given this Court by Art. VII, section 4 of Oklahoma's Constitution.

■■■ We hold that under the superintending control granted by Art. VII, § 4 of the Oklahoma Constitution, we have the power to vacate the order issued by the trial court in this case. Not only under the constitutional authority but 12 O.S.1971 § 1454 provides:

"When the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be allowed in the first instance * * * * ."

There is little doubt that under 58 O.S. 1971 § 770 a District Court in the exercise of probate jurisdiction may condition the appointment of a guardian;[1] the statute however, contemplates that such conditions among other qualifications must be for the welfare of the minor. We believe such limitations on the actions of the guardian must also be reasonable in nature under the facts and circumstances of the appointment. Applying this "yardstick" to the facts and circumstances of this case we find a complete lack of concern for the welfare of the minor and a paucity or dearth of reasonableness in the actions of the district judge.

Let Writs of Mandamus and Prohibition issue to the District Judge of the 15th Judicial District commanding him to vacate the order and actions of said court and guardians naming attorney P. to prosecute pending personal injury actions; let Writs also issue directing the employment of attorney petitioners herein for prosecution of personal injury actions; let Writ further issue against said judge prohibiting him from improperly interfering with the orderly administration of the guardianship of George R. Cosper, a minor, cause P–74–347 in the District Court of Muskogee, Oklahoma.

Writs granted.

DAVISON, LAVENDER, ROMANG, BOX and REYNOLDS, JJ., concur.

HODGES, V. C. J., and IRWIN and BERRY, JJ., concur specially.

---

1. 58 O.S.A. 770 "When any person is appointed guardian of a minor, the county judge may, with the consent of such person, insert in the order of appointment conditions not otherwise obligatory, providing for the care, treatment, education and welfare of the minor. * * *." (Emphasis supplied).

HODGES, Vice Chief Justice (specially concurring).

Under the facts of this case it is apparent the best interest of the minor would be served by the continuation of the petitioners as attorneys to prosecute his pending personal injury actions.

The grandmother had employed competent counsel to pursue the claims of her grandson. The cases had been actively prosecuted and were ready for trial. The grandmother then nominated the bank to be the guardian of the estate of the minor, realizing that if the bank were appointed guardian continuity of counsel would be maintained in the prosecution of the claims of the child. There is no evidence to show the bank was incapable or unable to serve as guardian, or that the attorneys selected by the grandmother were anything but highly competent. The only effect of the appointment of the bank and two co-guardians and retention of new counsel would be a disruption in the pursuance of recovery for the child. The child had suffered burns and injuries, and had been under extensive medical treatment. Employment of new counsel would of necessity require postponement of the trial or of settlement. This would not be in the best interest of the physical, mental, or temporal welfare of the child.

The courts have discretionary power in the appointment of guardians of a minor. However, the paramount consideration is the physical, mental and temporal welfare of the child. *In re Fox' Estate,* 365 P.2d 1002 (Okl.1961).

Title 58 O.S.1971 § 770 provides:

"When any person is appointed guardian of a minor, the county judge may, with the consent of such person, insert in the order of appointment conditions not otherwise obligatory, providing for the care, treatment, education and welfare of the minor. * * *"

In my opinion, under the peculiar facts and circumstances of this case, the trial court abused its discretion in not imposing a condition on the appointment of the guardians that the petitioners be retained as counsel to represent the minor in his pending personal injury actions. While the petitioners and the attorney selected by the guardians are all highly competent counsel, the record shows the welfare of the minor would best be served by the continuation of the petitioners as counsel in the pending actions.

The authority of the court to appoint more than one guardian is derived from 58 O.S.1971 § 772,[1] which allows multiple appointments when in the discretion of the court it is necessary.

The only reason given by the trial court for the appointment of three guardians was for their selection of an attorney to represent the ward in prosecuting his pending actions. This hardly represents a cause of necessity, especially where the pending actions have been already prosecuted to the point of trial by competent counsel.

Inasmuch as the trial court refused to appoint the Bank as sole guardian, whom the court knew would retain the petitioners as counsel, this was an invitation or suggestion to the three appointed guardians to select different counsel, and in my opinion an abuse of discretion.

I would, therefore, vacate the appointment of the three guardians and remand the cause.

I am authorized to state that IRWIN and BERRY, JJ., join in the foregoing specially concurring Opinion.

---

1. 58 O.S.1971 § 772 provides:
"The court in its discretion, whenever necessary, may appoint more than one guardian of any person subject to guardianship, who must give bond and be governed and liable in all respects as a sole guardian."