(56 Misc. Rep. 112.)

PEOPLE ex rel. SIMMONS v. HAM, County Clerk.

(Supreme Court, Special Term, Dutchess County.  October 19, 1907.)

ELECTIONS—NOMINATIONS—CERTIFICATE—FILING.

    Where a certificate of nominations, made by a town convention was delivered to the town clerk, to be by him filed with the county clerk on the town clerk's demand that it was his duty to file the same, and the town clerk did not mail the certificate immediately on its receipt, but retained the same for nearly 24 hours, whereby the certificate failed to reach the county clerk within the time required by election law, Laws 1896, p. 930, c. 909, § 65, the county clerk will nevertheless, under such circumstances, be required to place on the ballot the names of the candidates so certified.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 18, Elections, § 127.]

Application by the people, on the relation of Charles B. Simmons, against John M. Ham, county clerk, to require him to print on the official ballot the names of certain candidates for town offices.  Application granted.

George Overocker (George Wood, of counsel), for petitioner.
Edward Stillman, for defendant.
John F. Ringwood, for Clement Sweet.

MORSCHAUSER, J.  Application is made why the Dutchess county clerk should not print upon the regular official ballot to be printed for the ensuing election the names of the Republican candidates for the town officers of the town of Milan, this county, as filed by the party nomination certificate with him October 12, 1907, and why he should not print the name therein certified on the regular ticket.

It is claimed that the certificates were not filed in his office until the 12th day of October, 1907, 24 days prior to election, when the same should have been filed on the 11th day of October, 1907.  The town convention, which nominated these persons named in the certificate, was held on October 10th, and the persons nominated for offices were supervisor, justice of the peace, assessor, collector, and constable, and the certificate was received by the clerk on the 12th day of October, and filed by him in his office.  It appears from the affidavit of Cyrus F. Morehouse, the present supervisor, who presided at the convention, that after the convention he took both certificates to the office of William Cookingham, the town clerk of said town, and intended to file the other with the Dutchess county clerk on the following day, October 11th, which was the last day for filing such certificate; that said town clerk demanded of Morehouse, the other certificate, telling him, Morehouse, that it was his, the town clerk's, duty to file it with the Dutchess county clerk, and Morehouse, believing that the town clerk knew the law applicable to the case, delivered the other certificate to the town clerk, to be by him filed with the Dutchess county clerk.  The statements set forth in this affidavit are not contradicted, and I must assume that these statements are true.  The certificate did not reach the county clerk's office until the morning of the 12th of October.

It further appears by this affidavit that the town clerk did not mail this certificate to the county clerk until after 5 o'clock on the after-

noon of October 11th, so that it must be assumed that he retained the certificates from October 10th, in the afternoon, until 5 o'clock in the afternoon of October 11th. There is no affidavit filed by the clerk why it was not mailed and retained that length of time, instead of at once mailing it when he received it from Morehouse. It was evidently kept or delayed until late in the afternoon of October 11th, and then, as it appears, was mailed and received by the county clerk the next day. There is nothing to show that the town clerk mailed the certificate immediately upon receipt of the same, but it appears that it was mailed nearly 24 hours after its receipt by him. If he knew the law, and it is presumed he does, he knew that the same had to be filed in the county clerk's office by October 11, 1907, and he must have known that the certificate would have to be mailed immediately by him or it could not reach the clerk's office until it was too late for filing.

It has been held that the law requiring the filing of certificates of nomination is mandatory. In Matter of Cuddeback, 3 App. Div. 103, 39 N. Y. Supp. 388, this case has been cited. In McMullen v. Berean, 29 Misc. Rep. 446, 60 N. Y. Supp. 578, and in Matter of McDonald, 25 Misc. Rep. 84, 54 N. Y. Supp. 690, 693, Mr. Justice Chester states:

"I do not doubt that in a proper case a court or a justice has the power to direct the filing of a certificate nunc pro tunc, but the facts proven here did not, in my opinion, justify such an order in this case."

The Cuddeback Case was decided in 1895. The McDonald Case was decided in 1898. In the Matter of Halpin, 108 App. Div. 276, 277, 95 N. Y. Supp. 611, 615, it was held:

"We cannot peer into the future and foresee all conditions that may arise, and the various phases in which, by certain exigencies, cases may be presented for a construction of the election law that may justify or require a strained construction of the statute to prevent the disfranchisement of electors or enforce the just claims of political parties or candidates. We shall therefore refrain from expressing any opinion on whether, in any emergency, the court would indulge in so-called judicial legislation, and, if so, what circumstances would constitute such emergency. We are all agreed that no such emergency is now presented. There has been no fraud or accident to prevent the filing of a certificate of nomination duly and timely authorized by the convention, and there has been no neglect or refusal on the part of any public board or official to perform a statutory duty."

This case was decided in the First Department in 1905. In reading the last part of this quotation, it will be noted that the court stated:

"That it would refrain from expressing any opinion on whether, in any emergency, the court would indulge in so-called judicial legislation, and, if so, what circumstances would constitute such emergency. We are all agreed that no such emergency is now presented. There has been no fraud or accident to prevent the filing of a certificate."

If this means anything, it means that the court in an emergency would indulge in so-called judicial legislation, and, if so, that circumstances would constitute such emergency. It particularly mentioned that there has been "no fraud or accident" to prevent the filing of a certificate of nomination duly and timely authorized by the convention. From the affidavit it appears that the town clerk retained this certificate for 24 hours without mailing it, and the certificate did not

reach the clerk's office until after the time within which the same was to be filed pursuant to the statute, and it must have been presumed he knew the law in this respect, and it must be by fraud or a design that the certificate did not reach the Dutchess county clerk's office in sufficient time to be filed. If the certificate had been mailed by him when he received it from Morehouse, and was delayed in reaching the clerk's office in the mail, then it was an accident. The affidavits, as submitted, are silent upon this, and I cannot say that it was an accident. It appears from the moving affidavits that he received the paper, and that it was not mailed until the next day. Where was it in the meantime? I think on the facts as they appear in the affidavits the "emergency is now presented" to entitle the applicant to the relief asked for.

It is also claimed on the part of the applicant that the objection was not filed "within three days after filing of such certificate," as is provided by section 65 of the Election Law (Laws 1896, p. 930, c. 909), and that such objection was not filed until October 16th, and, to come within the provision of the law, such objection should have been filed on the 15th day of October. As this case requires a hasty decision, I do not think it is necessary that I should pass upon this question at this time.

I think in furtherance of justice the applicant is entitled to the relief asked for, and the county clerk should print on the official ballot, to be printed for the ensuing election, the names of the republican candidates for town officers of the town of Milan as filed.