(69 Misc. Rep. 579.)

In re BAYNE.

(Supreme Court, Special Term, Kings County. November, 1910.)

1. ELECTIONS (§ 158*)—NOMINATIONS—CERTIFICATE OF NOMINATION—TIME FOR FILING.

　　Where a general election fell on November 8th, and the Secretary of State in the election calendar compiled by him as required by Election Law (Consol. Laws, c. 17) § 320, stated October 10th as the last day on which to file nominations, and he received and filed certificates of nomination on such day, such certificates will be deemed as in time, though a strict mathematical computation of time would require their filing on October 8th under Election Law, § 128.

　　[Ed. Note.—For other cases, see Elections, Cent. Dig. § 123; Dec. Dig. § 158.*]

2. ELECTIONS (§ 139*)—NOMINATIONS— FILING OF CERTIFICATE — FAILURE TO REACH OFFICE IN TIME—RELIEF FROM DEFAULT.

　　Where a certificate of nomination was sent by the proper officer of the party convention by registered mail to the Secretary of State, so that it should have reached the Secretary, in the ordinary course, in time, and for some reason the certificate failed to reach the Secretary in time, the Supreme Court may relieve against the default under Election Law (Consol. Laws, c. 17) § 125, giving the Supreme Court or any justice thereof jurisdiction to review the acts of the officer with whom the certificate of nomination is required to be filed and to make such order as justice may require.

　　[Ed. Note.—For other cases, see Elections, Cent. Dig. § 127; Dec. Dig. § 139.*]

Application of Howard R. Bayne, Regular Democratic Nominee for State Senator of the Twenty-Third Senate District, to review the ac-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

tion of the Secretary of State in refusing to receive and file a certificate of nomination to such office. Motion granted.

William Allaire Shortt (Eugene Lamb Richards, of counsel), for plaintiff.

Edward O'Malley, Atty. Gen. (Frederick C. Tanner, Deputy Atty. Gen., of counsel), for respondent the Secretary of State.

STAPLETON, J. This application to review the action of the Secretary of State in refusing to receive and file a certificate of nomination of the applicant by the regular Democratic convention of the Twenty-Third Senate district of this state was argued this morning and must be immediately decided. The parties to this application have argued its merits upon affidavits and concessions made in open court, which I assume, from the attitude of the parties, represent the proceedings before the Secretary of State, and which are brought before me for review. The facts are as follows:

On October 8, 1910, the regular Democratic convention was held in the village of Haverstraw, in the county of Rockland and in the state of New York. The applicant was nominated at that convention for the office of Senator. The certificate of nomination was prepared and executed by the officers of the convention. It was handed to the secretary of the convention for the purpose of being filed in the office of the Secretary of State. The secretary of the convention returned to New York, arriving in the borough of Manhattan at 7 o'clock in the evening, and on the following Monday, Sunday intervening, at 10:30 o'clock in the forenoon, he inclosed the certificate in an envelope addressed to the Secretary of State, duly sealed, duly posted, and duly registered, and deposited the envelope, with the certificate inclosed, in the post office at St. George, a station of the New Brighton post office, in the borough of Richmond, in the city of New York. In the ordinary course of the mail that certificate would have reached the office of the Secretary of State on the 10th day of October, 1910. For some unaccountable reason, for which the convention, its agent the secretary, or the candidate of the convention was not responsible, the letter containing the certificate did not reach the Secretary of State until the morning of the 11th of October, 1910; and it was thereupon returned to the secretary of the convention, upon the ground that it was not received in time for filing under the election law.

Two reasons are advanced in justification of the action of the Secretary of State. The first is that the last day within which to make nominations, reading together section 128 of the election law (Consol. Laws, c. 17) and section 20 of the general construction law (Consol. Laws, c. 22), was Saturday, October 8, 1910. The material provisions of these sections are as follows:

"The different certificates of nomination shall be filed within the following periods before the election for which the nominations are made, to wit: Those required to be filed with the secretary of state, if party nominations, at least thirty and not more than forty days." Election Law, § 128.

"A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the

reckoning is made. Sunday or a public holiday, other than a half holiday, must be excluded from the reckoning if it is the. last day of any such period, or if it is an intervening day of any such period of two days." General Construction Law, § 20.

It is unquestionably true that a rigid construction of these two statutes and a mathematical computation thereunder would require the certificate to be filed upon the 8th day of October, 1910, election day this year being fixed for the 8th day of November; but in my judgment that construction is at variance with the practical construction which has been placed upon the statute and which practical construction it reasonably bears. By section 320 of the election law, the duty is imposed upon the Secretary of State to prepare a compilation of the election laws, with explanatory notes and instructions, for transmission to various public officers and boards. Pursuant to that duty, he prepared, and for years has prepared, an election calendar. This year in that calendar he stated that the last day within which to file nominations in the office of the Secretary of State would be the 10th day of October, 1910. As a matter of fact, the Republican candidate for Senator in this district filed his certificate in the office of the Secretary of State on the 10th day of October, 1910, and the Secretary of State filed that certificate.

I am constrained to hold, therefore, that a certificate filed on the 10th day of October, 1910, would be filed in compliance with the statute.

It would be useless to recall and impossible to reconcile the various decisions of this state discussing the consequences of a failure to file a certificate on the last day fixed by the statute. The Court of Appeals, in Matter of Application of Darling, 189 N. Y. 570, 82 N. E. 438, announces this rule:

"Though we regard the statutory requirement as to the time when certificates of nomination should be filed as mandatory, a majority of the court are of the opinion that there may occur accidents and mistakes, causing delay in such filing, from the effects of which the Supreme Court in either branch may, under section 56 of the election law [Laws 1896, c. 909], relieve, provided it finds that the delay has not been due to the negligence or fault of the convention making the nomination, or of the party to whom the filing of the certificate was intrusted."

Section 125 of the election law in force at this time contains the same provisions respecting this subject as section 56.

In view of the fact that the secretary of the convention mailed the certificate to the Secretary of State, which should have reached him, in the ordinary course, in time, and for some reason, for which neither the convention nor its secretary was responsible, it failed to thus reach him, I am convinced that, if discretion is ever to be properly exercised, this is a case for its exercise.

Motion granted.