STATE, *ex rel.* THERESA D. ASHTON v. W. S. HARRIS, as Chairman, F. J. ZIEGLER, *et al.*, Board of County Commissioners, Sarasota County, and J. R. PEACOCK, as Clerk.

155 So. 100.

Opinion Filed May 22, 1934.

*N. G. & John Fite Robertson,* for Plaintiff in Error.
*Winder H. Surrency,* for Defendants in Error.

PER CURIAM.—In this case the Circuit Court held that the requirements for filing statements by candidates in primary elections (Section 421 C. G. L., 364 R. G. S., as amended by Chapter 13761, Acts 1929) is mandatory as to the time for filing, and that where a candidate for nomination to a county office failed to file the first statement not more than thirty days nor less than twenty-five days prior to June 5, 1934, the date of the next primary election, mandamus would not issue to compel the Board of County Commissioners and the Clerk of the Circuit Court to certify the name of the delinquent candidate to be voted on as such candidate, even though the required statement had been made out and filed on the day immediately following the last day (May 11, 1934) allowed for filing candidates' statements. The alternative writ was applied for May 12, 1934, the next day after the time for filing had expired.

The alternative writ sets up no attempted excuse for the failure to file the required statement on time, and according to the allegations of the writ the statement was not filed until after May 11, 1934, the last possible day on which it could be legally filed under the law. In the absence of some special showing of excuse at least, the Circuit Court was not in error in refusing to recognize the filing of a

statement out of time, even though it was only one day late. Whether any excuse at all could be set up as an excuse for non-compliance is not necessary to be now decided and this Court does not express any opinion on it.

The Florida statute allows five full days (from the thirtieth to the twenty-fifth day) in which to get the first required statement into the hands of the Clerk of the Circuit Court or the Secretary of State, as the case may be. The statute having drawn a line which is clear and certain, this Court is not permitted to draw another and different one, at least in the absence of some showing of special and reasonable excuse for not filing the statements on time, such as sudden illness, accident, mailing in time to reach the filing officer in ample time before the last day expires, and the like. No such case is here presented, so the court below committed no error in quashing the alternative writ and entering final judgment against plaintiff in error. For a recent case bearing on the statutes here involved see State, *ex rel.* Landis, Atty. Gen., v. Carson, 114 Fla. 451, 154 Sou. Rep. 150.

Affirmed.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.