STATE OF MISSOURI at the relation of J. W. HUSE, Relator, v. HOWARD HADEN, County Clerk of Ralls County.

STATE OF MISSOURI at the relation of GLENN SCOTT, Relator, v. HOWARD HADEN, County Clerk of Ralls County.—163 S. W. (2d) 946.

Court en Banc, July 23, 1942.

*Rendlen & White* for relators.

984

*D. M. Stout* for respondent.

LEEDY, J.—These are original proceedings in mandamus to compel respondent, the County Clerk of Ralls County, to place the names of relators, Huse and Scott, on the ballot for the Democratic primary election to be held August 4, next, as candidates for nomination, respectively, as Judge for the Western District and Presiding Judge of the Ralls County Court. The facts are identical (except for names of the candidates and offices sought) in both cases, and they have been consolidated.

Respondent entered his appearance, waived issuance of the alternative writs, and consented that the petitions be taken as and for such writs, and filed his return by which certain issues of fact were tendered. By stipulation, Hon. Roy B. Meriwether, of the Monroe County Bar, was appointed Special Commissioner to hear the evidence, and report his findings of fact and conclusions of law, and this he did with promptness and dispatch. Respondent filed exceptions to said report, and the cause was submitted on briefs on the 20th, inst. If relators are to have any relief a decision must be rendered before July 25.

Relators sought to file their declarations on the last day fixed by statute,[1] but not until after the usual closing hours of the County Clerk's office wherein said declarations are required to be filed.[2]

---

[1]"The name of no candidate shall be printed upon any official ballot at any primary election, unless at least sixty days prior to such primary a written declaration shall have been filed by the candidate, as provided in this article, stating" etc. [Sec. 11550, R. S. '39, Mo. R. S. A., sec. 11550.]

[2]"No person shall file more than one written declaration indicating the party designation under which his name is to be printed on the official ballot, and all declaration papers shall be filed as follows: . . . 2. For officers to be voted for wholly within one county . . . in the office of the county clerk of such county . . ." [Sec. 11553, R. S. '39, Mo. R. S. A., sec. 11553.]

986

As to the facts in that connection, the Special Commissioner found that relators "made an honest and reasonable effort from about 7 P. M. to almost midnight to file their declarations on the last filing date of June 5, 1942, and were unable to do so because of their inability to locate the county clerk or his deputy, and that their only opportunity of filing was to deposit their declarations in Post Office, addressed to County Clerk at about 11:45 P. M., of June 5, 1942." It is admitted respondent received said declarations, with the accompanying receipts of the Treasurer of the Democratic Central Committee, at the post office in New London on June 6, 1942, and that he refused to file the same.

Respondent, in his single exception to the findings of fact, states such findings "on the question of the County Clerk or his deputy being available *may be justified as to the Clerk* but is squarely against the greater weight, the preponderance of the evidence as to the deputy being available. The relators might have made an honest and reasonable effort to find the County Clerk but it cannot be said that a diligent or reasonable or fair effort was made to locate the deputy *at her home.*" (Italics ours.) The exception then proceeds to point out wherein, as respondent contends, the finding as to the deputy is against the weight of the evidence. Under the adjudicated cases, the findings of fact of the Special Commissioner are regarded as persuasive (or as sometimes said, "advisory and helpful") but not binding on the court. [State ex inf. v. Arkansas Lumber Co., 260 Mo. 212, 169 S. W. 145; State ex inf. v. K. C. College of Medicine & Surgery, 315 Mo. 101, 285 S. W. 980, 46 A. L. R. 1472; In re Parkinson, 344 Mo. 715, 128 S. W. (2d) 1023.] We have reviewed the testimony, and are of the opinion that the Special Commissioner's findings of fact are supported by the record, and they are, accordingly, approved and adopted.

The question presented is whether, under the facts as outlined above, the relators are to be regarded as having complied with Secs. 11550 and 11553, supra, and thus entitled to have their names printed on the official ballot for the August 4th primary election. We think the question must be answered in the affirmative under the doctrine of State ex rel. Haller v. Arnold, 277 Mo. 474, 210 S. W. 374. In that case a candidate for office filed his petition or certificate of nomination (the equivalent of a declaration under the section with which we are dealing) on the last day permitted by statute, but failed to file with it a receipt showing payment of a fee required by another section, because of the absence of the treasurer, but tendered payment on the following day and filed evidence thereof with the election commissioners, and it was held he was entitled to have his name placed on the ballot.

In so holding the court said: *"It is manifest that any eligible candidate for office is entitled to the whole of the last day allowed*

*by law within which to submit himself to the electors for their suffrages.* In a case like this, where the proposed candidate is in no wise at fault (the argument that he should have made up his mind earlier obviously having no weight, by reason of the truth of the premise last above), ought he to be deprived of the privilege of running for a public office by the mere adventitious fact of the absence from his office, or from the city, or from the state, of the only officer from whom the required official receipt can under the letter of the law be obtained? The treasurer might be ill, or a case can be imagined where the death of the treasurer might occur on the last day for filing prescribed by the letter of the statute, and wherein it would be impossible to appoint his successor in time to have such successor accept the required deposit and issue the required receipt therefor.

"In such case the untrammeled constitutional privilege of all eligible persons to become candidates for office requires us, if we are to escape holding this statute invalid for that it contravenes the spirit and the letter of the Constitution in denying this privilege, to say that, if the proposed candidate be in no wise in default, and the death of the treasurer, or the latter's illness, or his ▉▉▉ absence from his office, from the city, or from the state, shall prevent the making of the required deposit and the obtention of the required receipt on the day prescribed by the letter of the statute, all that should be required is the earliest possible payment and obtention and filing thereafter of such receipt, provided such filing of the receipt shall be in time to allow of the performance by the board of election commissioners of the very first of the ensuing duties incumbent upon them by law. The fair, just, and equitable construction by this court of the election laws and machinery of this state in the analogous cases of Nance v. Kearbey, 251 Mo. 374, 158 S. W. 629, and State ex rel. v. Seibel, 262 Mo. 220, 171 S. W. 69, ruled by this court in opinions by LAMM, C. J., requires such a construction of this statute at our hands." (Italics ours.) These views find support in State ex rel. Hinyub v. Parish Democratic Committee, 173 La. 857, 138 So. 862; In re Bayne, 69 Misc. 579, 127 N. Y. S. 915; and Manning v. Young, 210 Wis. 588, 247 N. W. 61.

Indeed, respondent concedes in his brief that under the law prospective candidates have "the right to file up until midnight," and so the question of whether it was the custom and practice in said county for the county clerk to keep his office open until midnight on the last day for filing is of no consequence. As a matter of fact the Commissioner found that issue against relators. The further finding of the Commissioner was that there was no evidence that either the clerk or deputy intentionally or purposely avoided being located. But if a candidate has the whole of the last day within which to file, it necessarily follows that it is the clerk's duty to be available, either in person or by deputy, during that period, and as the Commissioner

has found as a fact that they were not so available, we hold what was done by relators in the premises constituted a substantial compliance with the statutes.

The respondent contends June 4 and not June 5 was the last day for filing. We do not need to inquire into the matter further than to say that, in any event, we are in agreement with the conclusion of the Special Commissioner that ''relators can not be deprived of their right to file any time during June 5, 1942, because of the opinion of the Attorney General of the State of Missouri rendered to the Secretary of State for the purpose of informing prospective candidates of the final filing date for the August 4, 1942, primary election, which said opinion recites: 'that June 5, 1942, is the last day for a candidate to file his declaration for candidacy.' '' [See In re Bayne, supra.] The relators had a right to rely upon the date as determined by the Attorney General.

From what has been said, it follows that relators are entitled to the relief sought, and our alternative writs heretofore issued should be made peremptory. It is so ordered. All concur except *Hays, J.,* absent.