BARE v. PATTERSON, Secy. of County Election Board, et al.

No. 33657. June 15, 1948.

Rehearing Denied June 29, 1948.

*195 P. 2d 281.*

Vera W. Bare, of Pauls Valley, pro se.

Ferman Hatcher, Co. Atty., and Anita Ellerbee, Asst. Co. Atty., both of Pauls Valley, for respondents.

ARNOLD, J. Vera W. Bare, on April 30, 1948, and within the time provided by statute, filed with the county election board of Garvin county her notification and declaration of candidacy for the office of county judge of that county. Her notification and declaration was in due form, but she did not offer to file, and did not file, supporting affidavits of two reputable electors of Garvin county as required by 26 O. S. 1941 §162.

On May 4, 1948, and within the time prescribed, Sam J. Goodwin, present incumbent of the office of county judge of Garvin county and candidate for reelection, filed with the county election board his protest of the notification and declaration submitted by Vera W. Bare. He alleged in his protest that, for certain stated reasons, Bare's filing was frivolous. He also alleged that her notification and declaration was filed contrary to law in that said supporting affidavits were not filed with the notification and declaration of her candidacy. He prayed that her declaration be declared null and void and her name stricken and that it not appear on the ballot.

Hearing on the protest of Goodwin was set for May 14th. At the hearing held on said date, Bare offered, and the board received in evidence, the affidavits of three citizens of Garvin county in the form prescribed by the statute. The protestant offered no evidence of alleged frivolous filing and the board made no finding thereon.

The record conclusively shows that the board sustained the protest solely on the ground that the notification and declaration was not accompanied by the supporting affidavits required and was,

for this reason, contrary to law. The district judge, for the same and only reason, dismissed her petition filed in the district court and upon which said judge ordered the record transcribed to the district court by the board.

It must be, and is, conceded that ordinarily mandamus will not lie to correct errors of judgment by a board in matters over which the board has jurisdiction. However, this court, in the exercise of its mandatory duty prescribed by article 7, §2 of the Constitution, will review the record of a board brought here and determine whether the board acted within or beyond its jurisdiction and power, and its acts in excess of its authority vested will be vacated and proper directions made by writ of mandamus.

The board, by its determination that the notification and declaration of petitioner was contrary to law for the sole reason that it was unsupported by the affidavits prescribed and required to be filed at the time said declaration was filed, had the effect of striking petitioner's name as a candidate. This authority is granted in certain instances which must be shown to exist before the authority vested may be exercised. If the filing was contrary to law by reason of the failure to support the notification and declaration by the required affidavits, accepted for filing by the secretary of the board, then the action of the board must not be interfered with because it acted within its jurisdiction and power conferred by the statute and there is no appeal from its decision under such circumstances. The converse is likewise true. This poses the question: Are the provisions of 26 O. S. 1941 §162 that,

"The said candidate shall at the time of filing his notification and declaration, file therewith an affidavit of two reputable electors . . .",

and that

"Said notification and declaration and the accompanying affidavits . . . shall be filed together and at the same time",

directory or mandatory, and does the board have the authority to strike a filing because of irregularity in filing?

Article 3, §6 of our Constitution provides:

" . . . and the Legislature shall . . . make all such other regulations as may be necessary to detect and punish fraud and preserve the purity of the ballot . . . ."

26 O. S. 1941 §162 provides:

"Any qualified elector who is a member of a political party, and who has affiliated with and supported the nominees of the political party at whose hands he seeks the nomination, shall have his name printed on the official ballot of his party for an office to which he is eligible in any primary election, upon filing with the proper officer, within the time provided by law, a notification and declaration of candidacy. Said notification and declaration shall be in the following form, and shall be filled in as to all the requirements therein contained, and the declarations therein shall be subscribed and sworn to by the person making the same, before any officer qualified to administer an oath.

"Said notification and declaration shall be in the following form:"

Then said section provides:

"The said candidate shall at the time of filing his notification and declaration file therewith an affidavit of two reputable electors, members of the same party to which the applicant belongs, which affidavit shall be in the following form, and filled out so as to meet all the requirements indicated therein."

Following the form of supporting affidavits prescribed by this section, the following language appears:

"Said notification and declaration, and the accompanying affidavits may be on the same or separate sheets, but shall be filed together and at the same time, and when so filed with the proper officer, it shall be the duty of said officer, . . . to have printed the applicant's name on the ballot, . . ."

26 O. S. 1941 § 165a provides:

"Any candidate's filing may be stricken, and his name stricken or ordered not placed upon the ballots if his candidacy is frivolous or not made in good faith, or is fraudulent or contrary to law. If his filing papers can be amended or corrected to conform to law, the same may be done upon order of the Election Board providing, the Board finds the amendment or correction proper at the date of its order or decision. No objection or challenge to a candidacy shall be filed after five days from the close of the filing period."

The notification and declaration of candidacy, the prescribed form of which is set out in section 162, which the candidate must fill in, subscribe, swear to, and file, constitutes his notification and declaration of candidacy.

The Legislature plainly said that when this notification and declaration is filed with the proper officer, within the time provided by law, his name shall go on the ballot. The filing of the notification and declaration within the time prescribed and with the proper officer is mandatory.

The accompanying affidavits required to be filed at the same time are supporting in character, may be filed separately, and all filing papers may be amended under proper circumstances and the act further provides that "no objection or challenge to a candidacy shall be filed after five days from the close of the filing period."

One who is qualified and eligible under our laws to perform the duties of the office he seeks may run in the primary for such an office on his party ticket if he is a qualified elector and has affiliated with and supported the nominees of his party. One possessing the foregoing prerequisites shall have his name printed upon the official ballot of his party "upon filing with the proper officer, within the time provided by law, a notification and declaration of candidacy," in the form prescribed in section 162, supra. The form provided was fully filled in by Mrs.

Bare, subscribed and sworn to by her, and received and filed by the secretary of the election board though the supporting affidavits required did not accompany the notification and declaration nor were they otherwise supplied at the same time or during the filing period. These affidavits are required by the Legislature to detect attempted fraudulent declarations of candidacy and preserve the purity of the ballot in accordance with the constitutional mandate to the Legislature, supra. Without these affidavits, the secretary of the election board should refuse to accept for filing a notification and declaration and such action would have been justified in this instance. This duty in furtherance of the legislative intent to detect and punish fraud and preserve the purity of the ballot, the clerk did not perform, but on the contrary accepted for filing and filed the notification and declaration tendered without the supporting affidavits. There is no contention made, and certainly no evidence to support such a contention if made, that Mrs. Bare does not possess all the qualifications required by our laws, She possessed those qualifications whether the affidavits were made or not. The affidavits are nothing more than corroborating or supporting proof of the things therein set forth by her. They do not qualify or disqualify a candidate. The affidavits are not an integral part of the declaration of candidacy, but the contents thereof are supporting evidence of the asserted qualifications shown in the declaration. The Legislature did not intend to make it difficult to file for office on a party ticket. Though it directed that supporting affidavits be filed for the purpose indicated with, or at the same time, the notification and declaration is filed, it did not intend that this requirement should be mandatory and that the failure to supply them as required should nullify and void a notification and declaration otherwise in perfect form and the truth of which is not disputed. For these reasons, and construing the foregoing constitutional and statutory pro-

visions together, we think the provisions relating to the filing·of said supporting affidavits are directory and the authority of the election board to strike any candidate's filing, if his candidacy is frivolous, not in good faith, fraudulent, or contrary to law, does not relate to the regularity of filing. The expression "contrary to law" refers to the enumerated qualifications to become a candidate for office on a primary ballot and not to the regularity of compliance with the prescribed method of filing affidavits in support of a notification and declaration regularly filed.

Let the writ issue.

HURST, C.J., and RILEY, GIBSON, and LUTTRELL, JJ., concur; DAVISON, V.C.J., and WELCH, and CORN, JJ., dissent.