STATE of North Dakota ex rel. Hamilton E. ENGLERT, Relator,

. v.

Ben MEIER, Secretary of State, State of North Dakota, Respondent.

No. 8022.

Supreme Court of North Dakota.

June 11, 1962.

Roy A. Ployhar and Sproul, Fitzner & Greffenius, Valley City, for relator.

Leslie R. Burgum, Atty. Gen., and Paul M. Sand, Asst. Atty. Gen., for respondent.

Mart R. Vogel of Wattam, Vogel, Vogel, Bright & Peterson, Lee F. Brooks, and E. T. Conmy, Jr., of Conmy, Conmy & Feste, Fargo, as amicus curiae.

TEIGEN, Judge.

The relator, Hamilton E. Englert, with the written consent of the Attorney General of the State of North Dakota, presented to this Court, as a citizen and resident of the State of North Dakota, a petition addressed to the prerogative jurisdiction of this Court for an appropriate writ to compel and order the respondent, the

Secretary of State, to revoke his acceptance of the petition of Harry Lashkowitz, as a candidate for nomination to the office of District Judge of the First Judicial District of North Dakota, and to restrain and enjoin him from certifying the name of Harry Lashkowitz to the respective county auditors of the First Judicial District or allowing the placing of said name upon the ballots of the several counties of the First Judicial District, as a candidate for District Judge at the June 1962 primary election.

We issued an order to show cause directed to the respondent why the request of the relator should not be granted and issued a temporary restraining order. The respondent filed a return and the matter was heard at the time and place set in the order to show cause.

The petition alleges that said petition was not presented to the Secretary of State within the time provided in Section 16–04–02, NDCC. The facts are not in dispute.

Section 16–04–02, supra, provides that every candidate for Judge of the District Court and other offices named therein shall, not more than 60 days nor less than 40 days prior to the primary election, present to the Secretary of State his petition. The fortieth day prior to the 1962 primary election was May 17. The instant petition was mailed from Fargo, North Dakota, on May 17. It was received by the respondent Secretary of State on May 18 and was accepted as having been timely presented.

The petitioner is a candidate at said election for the same office but he petitions and appears before us as a citizen and resident of the State of North Dakota.

On May 16, 1962, the respondent Secretary of State gave a news release to the reporters of the Associated and United Press which received State-wide publicity through the various news media. It was correctly stated in the news release prepared by the Associated Press reporter as follows: "Secretary of State Ben Meier said he would accept filings in person before his office closes 5 P.M. or by mail if postmarked before midnight * * *", May 17. This news release went over the Associated Press wires at 7:25 a. m., May 17, 1962.

At about 9:15 a. m., May 17, two attorneys of Fargo, North Dakota, charged with the responsibility of presenting the challenged petition, telephoned the Secretary of State at his office in Bismarck, North Dakota, regarding the dead line for filing petitions and were advised by the respondent that he would accept a petition if it was postmarked before 12:00 o'clock midnight, May 17, but stated he would consult with the Attorney General of the State and call them back. Respondent secured the Attorney General's opinion approving the legality of his ruling. He then telephoned said attorneys and, being unable to reach either of them directly, left a message to the effect that he had consulted with the Attorney General and was advised to accept petitions mailed to him postmarked before midnight May 17. This message was received by the inquirers about one hour after their call. The said attorneys were charged with the responsibility of presenting to the Secretary of State the petition for the candidacy of Harry Lashkowitz and, relying on the information received, mailed the petition at 4:40 o'clock p. m., May 17, by registered mail, to the Secretary of State. It was received at approximately 8:45 a. m. on May 18, 1962, and its envelope bore postmark May 17, 1962. The petition was accepted by the respondent as being timely presented.

The sole question is whether, under Section 16–04–02, supra, the said petition was timely presented to the Secretary of State.

The statute fixes the initial and terminal date of the period when petitions may be presented. It requires computation of time by counting backward from the date of

the primary election. The last day petitions could be presented was May 17. The time limit provided by statute has, on several occasions, been held to be mandatory. State ex rel. Anderson v. Falley, 9 N.D. 464, 83 N.W. 913; State ex rel. Miller v. Burnham, 20 N.D. 405, 127 N.W. 504; State ex rel. Burchard v. Byrne, 54 N.D. 274, 209 N.W. 345 and State ex rel. Campbell v. Torgerson, 57 N.D. 152, 220 N.W. 834. Such statutory provisions are generally held to be mandatory. 29 C.J.S. Elections § 137; Ann. in 72 A.L.R. 290.

We have held the intent and purpose of the primary election law is to provide a simple, direct and inexpensive method by which candidates for office may be nominated. It seeks to afford every elector the widest possible choice and contemplates that no one seeking nomination for office shall be barred by reason of expense. Johnson v. Grand Forks County, 16 N.D. 363, 113 N.W. 1071.

Consistent with this idea we held in State ex rel. Burchard v. Byrne, supra, that petitions may be presented to the Secretary of State through the use of the common and usual agencies for transmission of parcels, such as the use of postal and express facilities. We also held that delivery by the express company of nominating petitions to the State Board of Administration was a presentation to the Secretary of State where the evidence disclosed an agency relationship existed between the two offices because express parcels for all State offices, including the Secretary of State's office, were delivered to the office of the State Board of Administration. We have been consistent in holding that there was no discretion allowed the ministerial officer with whom a petition is to be filed and the requirements of the statute are mandatory.

We find nothing in the statutes and no provision has been pointed out to us indicating that a petition is "presented" to the Secretary of State when posted with the United States Post Office department or any other transmitting agency not a part of the State government.

It is evident that the attorneys charged with the responsibility of presenting the petition in behalf of the applicant relied upon the opinion of the Attorney General given to the Secretary of State and the ruling of the Secretary of State. There was ample time remaining, after receiving the message from the Secretary of State, to drive from Fargo to Bismarck to present the petition in person before the regular closing hour of his office on May 17. The distance is only 200 miles and most of it on the finest highway in the State, Interstate Highway #94. It is apparent ample signatures had been obtained on the petition before the call, as the evidence discloses it contained over 500 signatures when only 300 were required. It is claimed and not disputed that there was reliance on the opinion and the ruling.

■ The respondent, a State officer, is entitled to rely on the opinion of the Attorney General, who is the chief law officer of the State. State ex rel. Johnson v. Baker, 74 N.D. 244, 21 N.W.2d 355. The procedure followed was uniform throughout the State. All candidates had an equal time and no one favored over another. There was ample time for the Secretary of State to make his certification to the various county auditors. The two other candidates and the electorate of the First Judicial District are deprived of nothing.

■ We hold under the facts of this case that Harry Lashkowitz and those acting on his behalf are excused from presenting the petition not later than May 17, 1962. The authorities, almost without exception, sustain our position in similar instances. Donohoe v. Shearer, 53 Wash.2d 27, 330 P.2d 316; Clegg v. Bennion, 122 Utah 188, 247 P.2d 614; State ex rel. Mihlbaugh v. Bogart, 73 Ohio App. 47, 53 N.E.2d 75; In re Bayne, 69 Misc. 579, 127 N.Y.S. 915; State ex rel. Huse v. Haden, 349 Mo. 982, 163 S.W.2d 946; People ex

rel. Simmons v. Ham, 56 Misc. 112, 106 N.Y.S. 312; State ex rel. Ashton v. Harris, 115 Fla. 3, 155 So. 100. The only case to the contrary, we believe, is State ex rel. Smith v. Marsh, 120 Neb. 287, 232 N.W. 99, 72 A.L.R. 285.

For the reasons aforesaid, petitioner is not entitled to the relief prayed for in the petition and we restate our holding of the minute order entered on May 29, 1962, that the petition be in all things denied and that the temporary restraining order is dissolved.

SATHRE, C. J., and STRUTZ, BURKE and MORRIS, JJ., concur.