Welsh Appeal.

Argued October 3, 1974. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Gregory M. Harvey,* with him *Steven A. Cotlar,* and *Morgan, Lewis & Bockius,* for appellant.

*Thomas J. Profy, III,* with him *George T. Kelton,* and *Begley, Carlin, Mandio, Kelton & Popkin,* for appellees.

OPINION PER CURIAM, October 10, 1974:

On August 5, 1974, Thomas E. Welsh filed a nomination paper in the office of the Secretary of the Commonwealth for the office of State Senator for the Sixth (6th) Senatorial District in the election to be held on November 4, 1974. Two electors of the Sixth (6th) Senatorial District filed a petition in the Commonwealth Court raising certain objections to the nomination paper and requesting that it be set aside. After a hearing, the Court entered an Order granting the motion. Welsh filed this appeal.

Two reasons were assigned by the Court for setting aside the nomination paper: (1) untimely filing; and (2) signatures included therein bore a date later than that permitted by the Election Code.

Section 953 of the Election Code, Act of June 3, 1937, P. L. 1333, as amended by Section 12 of the Act of August 13, 1963, P. L. 707, 25 P.S. Section 2913, provides as follows:

"(b) No nomination paper shall be circulated prior to the tenth Wednesday prior to the primary, and no signature shall be counted unless it bears a date affixed not earlier than the tenth Wednesday prior to the primary nor later than the seventh Wednesday prior to the primary.

"(c) All nomination papers must be filed on or before the seventh Wednesday prior to the primary."

The Commonwealth Court was correct in concluding the nomination paper filed by Welsh did not meet the

above-related requirements of the Election Code. However, during argument sur the motion to set aside, counsel for Welsh informed the Court that his client had been informed by the Office of the Board of Elections in Harrisburg, that nomination papers such as here could properly be filed at any time up to and including August 14.[1]

Assuming this statement is correct and Welsh relied on this advice from the Bureau of Elections in the circulation and filing of his nomination paper, we conclude and rule it would be unfair to set aside his nomination paper for the reasons cited by the Commonwealth Court. We, therefore, vacate the Order of the Court and remand the record for further proceedings and consideration consistent with this ruling.

It is so ordered.

---

[1] At the hearing in the Commonwealth Court, Robert E. Grant, Administrative Assistant to the Commissioner of Elections, testified the nomination paper of Welsh had been accepted because the date for filing such papers in the Election Code had been "extended by a Federal Court Order to August 14, 1974." Mr. Grant was undoubtedly referring to the Order of the Court in *Consumer Party, et al. v. Tucker, Secretary of the Commonwealth, et al.*, 364 F. Supp. 594 (E.D. Pa. 1973).