420 A.2d 1327

**Shaheed Abdul HAQQ et al., Petitioners,**

v.

**DEPARTMENT OF STATE, Secretary of the Commonwealth of Pennsylvania et al., Respondents.**

No. 638 E.D. Misc. Docket 1980.

Supreme Court of Pennsylvania.

Argued Oct. 3, 1980.

Decided Oct. 6, 1980.

Terris J. Green, Philadelphia, for petitioners.

David F. Phifer, Gen. Counsel, Dept. of State, Harrisburg, for respondents.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

ORDER

PER CURIAM:

Order of the Commonwealth Court is affirmed.

NIX, J., files a dissenting statement.

NIX, Justice, dissenting.

Appellant, Shaheed Abdul Haqq, had sought to withdraw as the Consumer Party's candidate for the office of United States House of Representatives, First Congressional District of Pennsylvania. The Secretary of the Commonwealth, through the Bureau of Elections, refused to accept Mr. Haqq's proffered withdrawal, ruling that it was untimely filed. See Act of June, 1937, P.L. 1333, Article IX, as amended, 25 P.S. § 2938. Mr. Haqq appealed this Administrative Ruling to the Commonwealth Court arguing, *inter alia*, that the "late filing" was as a result of misinformation

supplied to his representatives by employees of the Bureau of Elections, and that he relied on these misrepresentations to his detriment.

At oral argument, counsel for the Secretary agreed that Mr. Haqq had attempted to raise this issue before the Commonwealth Court and was not afforded an opportunity to produce evidence to support this contention.[1] The decision of this Court in the *Welsh Appeal*, 458 Pa. 645, 327 A.2d 6 (1974), would suggest that if this claim was supported by the record, it might well have provided a basis for the relief sought by Mr. Haqq.[2] I therefore believe the Commonwealth Court abused its discretion in refusing to permit Mr. Haqq to present evidence on this issue and that the cause should be remanded for an evidentiary hearing at this time.

1. Although the Secretary, through counsel, agreed that Mr. Haqq had attempted to raise and pursue the issue, there was no agreement that these misrepresentations were in fact made. Thus, this was an issue of fact for the Commonwealth Court to resolve.

2. In the *Welsh Appeal* nomination papers by a candidate for the office of State Senator had been refused by the Office of the Board of Elections because of late filing. A unanimous court held that where it appeared that the candidate had been informed by personnel of that office that the date for filing had been extended, it would be unfair to set aside the nomination papers as untimely filed.