L. Richard JAMES, Petitioner,

v.

The Honorable Bill Ed ROGERS, Judge of the District Court, Sequoyah County, Oklahoma, Fifteenth Judicial District, Respondent.

No. 68386.

Supreme Court of Oklahoma.

March 18, 1987.

Law Office of Harry Scoufos by Cameron W. Martin, Sallisaw, for petitioner.

Frank Sullivan, Jr., Sallisaw, for respondent.

HODGES, Justice.

This is an original proceeding in mandamus to compel Honorable Bill Ed Rogers, Judge of the District Court, Sequoyah County, Oklahoma, Fifteenth Judicial District (respondent) to withdraw the writ of prohibition issued by the district court. The writ prohibits the Sequoyah County Election Board (Board), Cherri Lockhart Gable, Secretary of the Board, and Richard Cosner, Member of the Board, from placing the name of L. Richard James (petitioner) on the ballot as a candidate for the elective office of Town Board of Trustees Ward No. 1 to the Town of Gore, County of Sequoyah, State of Oklahoma in the election scheduled to be held on April 7, 1987. Petitioner further requests the court to prohibit re-

spondent judge from proceeding further in this case.

We assume original jurisdiction in the exercise of our general superintending control over all inferior courts and all agencies, commissions and boards created by law under Article 7, § 4 of the Oklahoma Constitution.

The facts of this case are not in dispute. On February 2, 1987, the first day of filing for municipal elections, petitioner timely filed a declaration of candidacy for the trustee seat of Gore Town Board of Trustees with the Board under 26 O.S. 1981 § 5–111. His declaration of candidacy, however, erroneously indicated the name of the office for which he sought as "Councilman Ward 3." Petitioner is a resident of Ward No. 1 of the Town of Gore, Oklahoma. It is further undisputed at the time he filed his declaration with the Chief Clerk of the Board he was uncertain as to whether he resided in Ward No. 1 or No. 3. The clerk was also unsure as to which ward petitioner would be qualified to file his candidacy for trustee. Petitioner then filed his declaration designating the office sought as Ward 3 upon the clerk's advice that she would check on the matter for him and if Ward 3 was not the correct ward she would notify him by telephone. Thereafter, the clerk did not contact petitioner concerning his filing; thus, he presumed he had filed correctly. Shortly after the filing period had closed petitioner discovered he was not a resident of Ward 3 and requested an amendment to his declaration to reflect the correct ward so he could run as a candidate of Ward 1. Also, Bill Summers, the incumbent in Ward 3, filed a protest to petitioner's candidacy alleging petitioner did not live in Ward 3. The Board at its special meeting held on February 13, 1987, upheld Summers' protest and ordered petitioner's candidacy be stricken in Ward 3. An opinion of the District Attorney of District 27, dated February 11, 1987, advised the Board to amend petitioner's declaration so he could run as a candidate of Ward 1. After proper notice, the Board at its Febru-

ary 19, 1987, special meeting voted to amend petitioner's declaration from Ward 3 to Ward 1, over the objections of Vernon Henry, the incumbent office holder of Ward 1. The Board made itself available to receive protest concerning its action and no protest was filed.

Subsequently, Henry filed a petition for writ of prohibition in the District Court of Sequoyah County requesting the court to prohibit the Board from placing petitioner on the ballot as a candidate for the position of Trustee for Ward 1 in the April 7th election. Henry asserted in her petition the effect of the Board's amendment allowed petitioner to file a declaration of candidacy for Ward 1 after the election filing period had closed and after no persons other than Henry had filed in that ward. She claimed the Board's action was not authorized by law in that petitioner is not a lawful candidate because he failed to file a timely declaration of candidacy for the position of Trustee of Ward 1. Petitioner James now seeks original action in this Court.

█ Petitioner correctly maintains respondent's issuance of the writ of prohibition was improper. Before a writ of prohibition may issue, a petitioner must show: (1) a court, officer, or person has or is about to exercise judicial or quasi-judicial power; (2) the exercise of said power is unauthorized by law; and (3) the exercise of that power will result in injury for which there is no other adequate remedy. *Umholtz v. City of Tulsa*, 565 P.2d 15, 18 (Okla.1977). If a petitioner fails to establish any of the three elements, the writ must be denied.

█ Although assuming, without deciding, the Board's authorization of the amendment was quasi-judicial in character, *Meyer v. Jones*, 203 Okl. 160, 219 P.2d 620, 623 (1950), Henry failed to sustain her burden of proof requisite for the issuance of a writ of prohibition. The Board's approval of petitioner's amendment to his declaration of candidacy is expressly authorized under 26 O.S. 1981 § 5–128, which provides:

"If said contestee's Declaration of Candidacy may be amended or corrected to

conform to law, the election board may order the same to be done, if the board determines such amendment or correction to be proper at the time of its order or decision."

It is first observed the statute in question does not contain language expressly limiting the time in which an amendment is to be made to the deadline for filing the initial declaration. Because this provision does not prescribe a specific time limit in which the Board may order an amendment or correction to a timely filed declaration of candidacy to conform to law, we find such amendment may be authorized under proper circumstances within a reasonable time after the close of the filing period so as to allow the Board to perform the necessary duties required by law. Had the Legislature intended a time limitation for the authorization of an amendment, instead of an inference of a reasonable time, plain and express language would have been employed. We believe this construction is consistent with the election laws of this State. The Legislature did not intend to make it difficult to become a candidate in an election. *Cf. Bare v. Patterson,* 200 Okl. 420, 195 P.2d 281, 284 (1948). Under the circumstances of this case, we find petitioner timely filed his declaration of candidacy in substantial compliance and sought an amendment within a reasonable time.

Moreover, we note petitioner's reliance upon the Chief Clerk of the Board, the proper public official who accepted the filing, was in good faith.[1] There is no argument advanced or evidence presented that petitioner is not otherwise qualified or his filing was not in good faith, fraudulent or

contrary to law. Also, no evidence was presented that the Board's amendment injured anyone or affected the results of the election process, its fairness or honesty.[2] It appears the amendment was requested in ample time for the Board to print the ballots and perform other necessary duties for the April 7th election. Having determined the Board properly authorized the amendment, we need not inquire further into the remaining elements on application for writ of prohibition.

We, therefore, conclude petitioner's declaration of candidacy, along with the Board's authorization of the amendment thereto, are in substantial compliance with 26 O.S. 1981 §§ 5–111 and 5–128, and petitioner is entitled to have his name printed upon the election ballot as a candidate for the office of Trustee of Ward 1 of the Gore Town Board of Trustees.

In this election dispute we have reviewed the record and find the trial court erred in invalidating the action of the Sequoyah County Election Board.

For this reason, the application for writs of mandamus and prohibition are hereby granted, and respondent is directed to vacate his writ of prohibition. He is further prohibited from taking any further judicial action in this matter.

ORIGINAL JURISDICTION ASSUMED. WRIT OF MANDAMUS AND WRIT OF PROHIBITION GRANTED.

All the Justices concur.

1. It is provided in 26 O.S. 1981 § 3–114:
   "It shall be the duty of the secretary of each county election board to disseminate information about the dates and times of elections, locations of polling places, names and addresses of voter registrars and other data as he deems necessary to inform the general public of same. Sample ballots shall be made available to the general public."

2. Other jurisdictions have held similar circumstances as presented in the instant case constitute a "legal excuse" from a statutory filing requirement where a candidate relies on erroneous information given by state officials charged with administration of the election laws and is caused to miss a mandatory deadline or omit to follow a mandatory procedure. *See State v. Haden,* 349 Mo. 982, 163 S.W.2d 946 (1942); *State v. Meier,* 115 N.W.2d 574 (N.D.1962); *State v. Bogart,* 73 Ohio App. 47, 53 N.E.2d 75 (1943); *In re Welsh,* 458 Pa. 645, 327 A.2d 6 (Pa.1974); *Clegg v. Bennion,* 122 Utah 188, 247 P.2d 614 (1952). *Ryshpan v. Cashmann,* 132 Vt. 628, 326 A.2d 169 (1974); *Donohoe v. Shearer,* 53 Wash.2d 27, 330 P.2d 316 (1958).